Cleo JOHNSON et al.,
Plaintiffs-Appellees,

v.

John HARDER, Defendant-Appellant.

No. 598, Docket 74–2424.

United States Court of Appeals,
Second Circuit.

Argued March 21, 1975.
Decided March 26, 1975.

v.

Francis J. MacGregor, Asst. Atty. Gen., Hartford, Conn. (Robert K. Killian, Atty. Gen., on the brief), for defendant-appellant.

Norman J. Johnson, Waterbury, Conn. (Waterbury Legal Aid, on the brief), for plaintiffs-appellees.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, and MacMAHON, District Judge.[*]

PER CURIAM:

■ This case was affirmed in open court. In order to afford our decision precedential value,[1] however, and conclusively to resolve this issue within our circuit, we issue this brief per curiam. For the reasons stated by Chief Judge Kaufman in open court,[2] we affirm on Judge Blumenfeld's opinion below, 383 F.Supp. 174 (D.Conn.1974).

* Of the Southern District of New York, sitting by designation.

1. Rule § 0.23 of the United States Court of Appeals for the Second Circuit provides in pertinent part:

. . . . .

Where a decision is rendered from the bench, the court may deliver a brief oral statement. . . . Since these statements do not constitute formal opinions of the court and are unreported and not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court.

2. The statement delivered from the bench was as follows:

We agree with Judge Blumenfeld that the Connecticut regulations conflict with the federal scheme for providing OASDI benefits. The federal statutes and regulations, taken in conjunction with Philpott v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), evidence a clear intention that OASDI funds be used for the beneficiary's needs, as he or his representative payee may best determine. It would subvert this scheme to permit a state to automatically treat such benefits as available for the needs of a parent or of other children. We are buttressed in our opinion by the interpretive letter written by John Costa, the administrative official charged with interpreting the OASDI provisions, whose views are entitled to great weight. Accordingly, we affirm on Judge Blumenfeld's opinion below.