## JUDITH LANCE *v.* WELFARE COMMISSIONER

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 11-7306-7219

Argued December 17, 1974—decided April 28, 1975

*Robert K. Killian,* attorney general, and *Edward F. Pasiecznik,* assistant attorney general, for the appellant (defendant).

*Michael J. Churgin,* for the appellee (plaintiff).

BIELUCH, J. The plaintiff is the mother of Cassandra Clare Lance, a minor. Both mother and child were recipients of public assistance awards from the Connecticut welfare department under the state's federally funded aid to families with dependent children program (AFDC) for the period from October 1, 1970, to January 15, 1973. On November

29, 1972, the plaintiff was notified by the social security administration of the award to her daughter of old age, survivors and disability insurance benefits (OASDI) payable monthly to her as representative payee in the amount of $111.60, beginning September 1, 1970. At the same time the plaintiff received a retroactive payment of $2,736.90. In February, 1973, the plaintiff was further notified by the social security administration of an alleged overpayment, leaving the final net amount of the lump sum award to her daughter undetermined at the time of these proceedings.

By letter of December 5, 1972, the plaintiff informed the defendant of her daughter's OASDI benefits. The defendant on December 20, 1972, proposed to reduce the plaintiff's monthly AFDC payments of $204.49 by the amount of the OASDI award for her daughter, beginning January 1, 1973, and demanded reimbursement of an amount equal to all retroactive OASDI benefits after AFDC eligibility. Thereafter, on January 5, 1973, the defendant moved to discontinue all assistance, effective December 31, 1972, because: "You received lump sum social security making your assets over the limit of $250. Overpayment procedure is started regarding $2763.90 due the Dept. of Welfare for 10-1-70 through 12-31-72."

The next move was taken by the defendant on January 8, 1973, when notice was sent to the plaintiff that her assistance would be discontinued on January 23, for failure "to hear from you regarding continuing need and eligibility for assistance." On January 19, 1973, the plaintiff requested a fair hearing pursuant to General Statutes § 17-2a. In the meantime the plaintiff obtained the legal assistance of a law student intern who immediately advised the defendant of the timely and relevant

decision of the United States Supreme Court on January 10, 1973, in *Philpott* v. *Essex County Welfare Board,* 409 U.S. 413. In *Philpott* the court barred reimbursement or recovery of previous public assistance from a lump sum payment of retroactive OASDI benefits by reason of the Social Security Act provision; 49 Stat. 624, 42 U.S.C. § 407 (1970); for immunity of benefit payments from legal process. The defendant acknowledged that bar to recovery of the alleged overpayment established by *Philpott* by not pursuing the claim against the plaintiff further and by revising the department's regulations but continued to consider the OASDI lump sum payment to the plaintiff's daughter as an asset or resource disqualifying the plaintiff from AFDC.

At the fair hearing held on April 19, 1973, the plaintiff contended, inter alia, that (1) the OASDI payments were received by her as representative payee or trustee for her daughter and under the responsibility prescribed in 20 C.F.R. § 404.1603 (1974) were to be used "only for the use and benefit of such beneficiary" and (2) a disallowance of aid to the plaintiff would violate the equal protection clauses of the federal and state constitutions and the supremacy clause of the former. The fair hearing officer upheld the defendant "in the discontinuance of AFDC until such time as the retroactive payment is used up in accordance with Volume I, Chapter III, Index 344.2." The plaintiff appealed to the Circuit Court from that decision.

The court reversed the fair hearing officer, holding that by not applying the minimum deduction or the exemption of index 344.2 of volume 1, chapter III, of the Connecticut State Welfare Manual, to Cassandra Lance, a legally liable relative and OASDI beneficiary, the defendant denied her the equal protection of the law in violation of the federal and

state constitutions. Index 344.2, as relevant here, allows a gross income exemption of $250 monthly and $3,000 annually to a legally liable relative with one dependent. The defendant has now appealed to this court from the reversal of the fair hearing officer by the court below.

The defendant's policy in issue before the court is defined in index 335.16(VI) of volume 1, chapter III, of the Connecticut State Welfare Manual. That section, entitled "Application of a Child's OASDI Benefits", imputes surplus OASDI payments in excess of the child's needs as available income to a supervising relative who is a needy parent. In substance, that regulation diminishes or cancels the eligibility of such a parent for AFDC.

Since the lower court's decision, the federal courts have recently considered the legality of index 335.16(VI). In *Johnson* v. *Harder,* 383 F. Sup. 174 (D. Conn. 1974), aff'd per curiam, 512 F.2d 1188 (2d Cir. 1975) the court held (p. 182) "that Regulation 335.16(VI) of the Connecticut Welfare Manual conflicts with the Social Security Act and the relevant regulations and thus is invalid under Article VI, Clause 2 [the supremacy clause] of the Constitution." *Johnson* was a class action. The class, by court order, included within its scope and application the plaintiff and her minor child in the fact situation now before the court. In that case two of the plaintiff's ten children received monthly OASDI benefits because of the death of their father. The welfare commissioner, applying the policy contained in index 335.16(VI) imputed to that plaintiff as available income the "surplus" OASDI benefits received by her on behalf of those two children.

The claims and arguments presented to this court parallel those made in *Johnson*. The plaintiff maintains that under 20 C.F.R. § 404.1603 (1974) she is

charged, as representative payee, with the responsibility of applying her daughter's OASDI benefits "only for the use and benefit of such beneficiary in the manner and for the purposes determined by . . . [her] to be in the beneficiary's best interest." The defendant counters that the regulation in dispute is permissible under the federal regulations, citing 20 C.F.R. § 404.1607 (1974), which provides that if the current maintenance needs of the beneficiary are being reasonably met, the representative payee "may use part of the payments so certified for the support of the legally dependent spouse, a legally dependent child, or a legally dependent parent of the beneficiary." The defendant argues that if under that OASDI regulation a representative payee who is also the supervising relative and a needy parent may, in her discretion, use part of her child's OASDI benefits for her own support as a legally dependent parent of the beneficiary, then the defendant should be permitted to credit her with such available support when her needs are being determined under the AFDC program.

The District Court in *Johnson* v. *Harder,* supra, found the application of 20 C.F.R. § 404.1607 (1974) restricted to the beneficiary's "use and benefit." Referring to the fiduciary responsibilities of a representative payee and the clear circumscription of permitted uses of OASDI benefits contained in 20 C.F.R. §§ 404.1601–404.1610 (1974) the court concluded (p. 180) that the power granted to the representative payee to use the "surplus" payments for the support of dependent relatives is directed to the payee's discretion, acting as a fiduciary, if she determines such action to be in the beneficiary's best interest. In fact, the court noted (p. 180) that, under 42 U.S.C. § 408 (e), a representative payee could be held criminally liable for failure to use OASDI payments for the beneficiary's benefit.

The trial court rendered judgment reversing the fair hearing officer on the ground that the defendant denied to the plaintiff's child equal protection of the law. We affirm the conclusion of the trial court but for a different reason. *Johnson* v. *Harder,* supra, controls. It is not reversible error that the court reached the right result for another reason. *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 235.

The preemption of federal legislation, in this case, the Social Security Act; 49 Stat. 620, as amended, 42 U.S.C. §§ 301–1396; and relevant federal regulations over conflicting state laws and regulations must be recognized. *Bailey* v. *Bruneau's Truck Service, Inc.,* 149 Conn. 46, 55. That claim, although denominated "statutory," is in reality a constitutional claim arising under the supremacy clause of the federal constitution. A legal distinction, however, is made by the federal courts from other constitutional questions, such as equal protection of the law relied upon by the lower court. "In these cases the [Supreme] Court has characteristically dealt with the 'statutory' claim first 'because if the appellees' position on this question is correct, there is no occasion to reach the constitutional issues.'" *Hagans* v. *Lavine,* 415 U.S. 528, 549. Pertinent to our decision and to that in *Johnson* v. *Harder,* supra, relied upon by us, is the United States Supreme Court's declaration in *Hagans* v. *Lavine,* supra, 534 n.5: "[W]hen we have previously determined that state AFDC laws do not conform to the Social Security Act or HEW regulations, they have been invalidated under the Supremacy Clause. See *Townsend* v. *Swank,* 404 U.S. 282, 286 (1971)."

Although not necessary to its decision, the lower court declared the plaintiff's right under the welfare policy (index 355.16[VI]) "to elect to have Cas-

sandra share in AFDC benefits if she considers it to be to the advantage of the child," with the inclusion, in that event, of OASDI benefits in the computation of the appellant's (family) needs. In that respect the court erred. That order must be vacated and the judgment appealed from modified accordingly. Index 335.16(VI) is invalid, as above shown, and cannot support any order ancillary to this action. Furthermore, the option in that regulation is expressly contrary to its citation and reliance by the court in these words: "If the surplus does not fully cover the needs of a parent but fully meets the need of the eligible child, a parent may choose to have assistance for the child in receipt of the OASDI benefit discontinued but elect continuing eligibility for herself and any remaining eligible children. In this kind of situation, the surplus OASDI over and above that needed to meet a child's needs, computed according to departmental standards, would still be allocated toward the support of the parent and reflected as income against the assistance plan for the parent and remaining eligible children."

The lower court did, however, correctly acknowledge the permissibility of the declared option under existing federal policy consistent with the holding of this court. State letter No. 1088 (from John L. Costa, Commr., social and rehabilitative service, Sept. 25, 1970). That directive is a relevant interpretation of the OASDI provisions of the Social Security Act by the federal administrator charged with overseeing the AFDC program and expresses these critical rules: (1) OASDI payments may not be imputed as income to the representative payee or the beneficiary's family, if the payee exercises the option of removing the beneficiary and his income from the family assistance unit, and (2) where the representative payee elects to include

the child and his benefits in the family assistance program for added rights and privileges under the local AFDC program, such advantages to the child "may be considered a 'use and benefit' to him and the OASDI statutory requirement would then be satisfied." See *Johnson* v. *Harder,* supra, 180–81 & n.9.

In conclusion, the lower court ordered the defendant "to recompute the needs of the appellant, not by just (sic) subtracting Cassandra's OASDI Payment of $111.60 from the original AFDC award of $204.49, and to pay the sum derived from this computation to the appellant retroactively . . . (to) September, 1972." The plaintiff admittedly received public assistance until January 15, 1973. That order, consequently, must be modified and the defendant directed to restore all past support to which the plaintiff may now be entitled by virtue of the decision of this court from that date.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion AARONSON and LEVINE, Js., concurred.