**Doretha POWELL et al., Plaintiffs,**

v.

**Geneva D. AUSTIN et al., Defendants.**

**Civ. A. No. 76–0229.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 3, 1976.

---

**534**

John M. Levy, Glen R. Johnson, Donnalee R. Steele, Neighborhood Legal Aid Society, Richmond, Va., for plaintiffs.

John R. Haymes, Jr., Asst. City Atty., John A. Rupp, Asst. Atty. Gen. of Va., Eliot Norman, Asst. U. S. Atty., Eastern District of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, recipients of Aid to Families with Dependent Children (AFDC), in the State of Virginia, bring this action challenging the policies and regulations of the Department of Welfare for the Commonwealth of Virginia and the United States Department of Health, Education and Welfare (HEW), which compute as income, for the purposes of determining an AFDC grant, wages earned by an AFDC recipient which have been withheld from the wage earner by the recipient's employer pursuant to a garnishee summons issued on behalf of a judgment creditor. Plaintiffs allege this to be in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Social Security Act, 42 U.S.C. § 601 *et seq.*

Jurisdiction is attained pursuant to 28 U.S.C. §§ 2201 and 2202 which relate to declaratory judgments and 28 U.S.C. § 1343(3) and (4) which provide for jurisdiction in suits to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States. The matter comes before the Court on plaintiffs' motion for a preliminary injunction and is ripe for disposition.

 The AFDC program was established under Title IV of the Social Security Act, 42 U.S.C. § 601 *et seq.* in order to provide assistance to needy dependent children and the adults who care for them. The program is financed in large part by the federal government on a matching fund basis, but is administered by the states, which have "broad discretion in determining both the standard of need and the level of benefits." *Shea v. Vialpando,* 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974). State plans must, however, conform to the requirements of the Social Security Act and the regulations of the Department of Health, Education and Welfare (HEW).

"Under HEW regulations all AFDC plans must specify a statewide standard of need, which is the amount deemed neces-

sary by the state to maintain a hypothetical family at subsistence level." *Id.* at 253, 94 S.Ct. at 1750.

Both eligibility for AFDC assistance and the amount of benefits to be granted an individual applicant are based on a comparison of the state standard of need with the income and resources available to the applicant. In making that comparison, certain deductions from income are required under 42 U.S.C. § 602(a)(7) and (8), as implemented by 45 C.F.R. § 233.20(a) *et seq.*

Under 42 U.S.C. § 602(a)(8), the first $30 and one-third of the remainder of an individual's income for one month are disregarded for purposes of determining need under § 602(a)(7). This provision was added by Congress in 1968 in order to provide an incentive, or additional income, to working AFDC recipients beyond that received by non-working recipients. However, in order to prevent members of the public not needing public assistance from applying in an effort to take advantage of the earned income disregard, Section 602(a)(8)(D) prohibits the application of the disregard when the earned income exceeds the applicant's standard of need, unless the applicant received AFDC assistance at some time during the preceding four months.

Pursuant to 42 U.S.C. § 602(a)(7), the state must, in considering income and resources, exclude from consideration income disregarded under Section 602(a)(8) as well as "any expenses reasonably attributable to the earning of any such income."

45 C.F.R. § 233(20)(a)(3)(ii)(D) provides further requirements for the states in their consideration of an applicant's income and resources. That regulation provides:

"Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance."

■ It follows, therefore, in determining eligibility and level of benefits, a state must

consider income and resources currently available to the applicant, minus the earned income disregard provision ($30 and one-third of the remainder) and minus any work related expenses. If the remainder of currently available income and resources is less than the state's standard of need, the applicant is eligible for AFDC assistance.

The crux of the instant complaint is that wages withheld from working AFDC recipients pursuant to a garnishee's summons, are not currently available as income under 45 C.F.R. § 233.20(a)(3)(ii)(D) and, therefore, may not be considered by the state in determining the amount of assistance provided to any such recipient. Plaintiffs seek a preliminary injunction to enjoin enforcement of the statewide policy which considers such garnishee's wages as income alleging that such a policy is invalid under the Social Security Act and the Constitution of the United States.

■ In determining the grant or denial of a preliminary injunction, the Court must balance several conflicting values—"the threat of irreparable injury to the plaintiff should preliminary injunctive relief be denied; injury to other parties should the injunction issue; the probability that the plaintiff will succeed on the merits; and the interest to the public." *Conservation Council of North Carolina v. Costanzo*, 505 F.2d 498, 502 (4th Cir. 1974); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

There is little question that the rights and potential injury involved in cases involving welfare recipients are critical. The Supreme Court has recognized the importance of a welfare recipient's right to assistance and the immediacy of that need. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Plaintiffs in the instant case contend defendants' policy is in conflict with the Social Security Act and with the appropriate regulation, 45 C.F.R. § 233.20(a)(3)(ii)(D), which defines income as "net income available for current use" both when actually available and when the recipient has the legal ability to make such sum available.

■ On the other hand, it is the defendants' position that when the agency entrusted with the execution of a federal statute has interpreted that statute, it is entitled to considerable deference. *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). The Supreme Court has applied this rule to HEW interpretations of the Social Security Act. *New York Department of Social Services v. Dublino*, 413 U.S. 405, 421, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). The test, of course, is whether the interpretation is "reasonably related" to the purposes of the Act. *Johnson's Professional Nursing Home v. Weinberger*, 490 F.2d 841, 844 (5th Cir. 1974). *See also Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

In response to an inquiry from the State of Louisiana, James S. White,. Jr., Administrator, Social and Rehabilitation Service, HEW, stated:

"Disregard of garnished wages cannot be justified under current law and regulation, therefore, such amount shall be considered available income for purposes of determining need and amount of assistance." HEW PIQ 74–177 (December 25, 1974).

The defendants contend that HEW's interpretation of subsection (3)(ii)(D) with respect to garnishments is consistent with the mandate of the Social Security Act which was intended by Congress to encourage "the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection. . . ." 42 U.S.C. § 601. It is the position of the defendants that the disregard of garnished wages would only encourage parents of needy children to rely on the government, not themselves, as the guarantors of their installment debts. It is their further position that the policy as implemented by the State of Virginia does not reduce the level of assistance to the plaintiffs to below the standard of need as determined by the State. As working AFDC recipients, the plaintiffs are entitled to the first $30 and one-third of the remainder of their earned income each month in addition to the amount of assistance necessary to bring them up to the standard of need. 42 U.S.C. § 602(a)(8). Since Va.Code Section 34.29(1) provides that garnishment may not exceed 25% of weekly earnings, it is argued that such garnishment would never exceed the earned income disregard under the Social Security Act and, in defendants' view, the plaintiffs would not be reduced to a level below the standards of need for their families.

It must be borne in mind that in the instant case the Court is not asked to invalidate a regulation promulgated by HEW but to review a state policy allegedly supported by an HEW interpretation of its own regulation implementing the income and resources clause of the Social Security Act, 42 U.S.C. § 602(a)(7).

State regulations have been held to be invalid if they include as resources, income not actually available for maintenance of the recipients. *See, e. g., Shea v. Vialpando*, 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974) (standard allowance for work related expenses); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970) (support from non-adoptive father); *Johnson v. Harder*, 383 F.Supp. 174 (D.Conn.1974), aff'd per curiam, 512 F.2d 1188 (2d Cir. 1975) (surplus OASDI benefits); *National Welfare Rights Organization v. Weinberger*, 377 F.Supp. 861 (D.D.C. 1974) (recoupment of overpayments).

In a recent case invalidating a newly promulgated HEW regulation which valued resources without regard to encumbrances, the Court held that such a policy violated "the cardinal principle of AFDC that only resources actually available may be counted in determining whether the recipient is within the state's definition of a standard of need." *See National Welfare Rights Organization v. Mathews*, 533 F.2d 637 (D.C. Cir.1976).

Both the regulations and the judicial decrees in reference to the instant problem have consistently stated that only those resources "currently" and "actually' available to the AFDC recipient may be used to

offset an AFDC grant. The assertion that the garnished portions of the plaintiffs' wages are currently and actually available to them is contra to the meaning of the language used as well as to fiscal realities. The plaintiffs in the instant case never receive the money; it is turned over directly to the state court by the employer, and the state court in turn then delivers the money to the judgment creditor. Nor do the plaintiffs have the "legal ability to make such sum available for support and maintenance." 45 C.F.R. § 233.20(a)(3)(ii)(D). If a valid judgment has been obtained against the recipient and the garnishee summons properly served, the AFDC employee has no power to prevent the garnishment.

It appears to the Court that HEW's interpretation upon which defendants rely is inconsistent with the Social Security Act. Additionally, if there be any consistency about that interpretation, it is in the fact that such has been applied inconsistently. Under certain conditions, garnished wages are not to be considered income actually available, *e. g.*, wages garnished by the Internal Revenue Service. See opinion letter from the Office of General Counsel, HEW, March 18, 1975, which distinguishes wage garnishments on the basis of the underlying debt.[1] Neither HEW nor the state has established any guidelines under the appropriate regulation for allowing garnishments based on voluntarily contracted debts to be distinguished from those debts involuntarily contracted or based on work related expenses.

Concluding, therefore, that the interpretation of garnished wages as currently and actually available income to AFDC recipients is not "reasonably related" to the purposes of the Social Security Act, intended by Congress to encourage "the care of de-pendent children in their own homes" and "to help maintain and strengthen family life," 42 U.S.C. § 601, the Court is of the view that plaintiffs have sustained at this juncture of the litigation, the likelihood of prevailing on the merits, and having found that they will probably suffer irreparable damages unless a preliminary injunction is granted, the same will follow.

An appropriate order will issue.

---

1. In response to a request for comment on HEW's PIQ 74–177 (Dec. 25, 1974), *supra,* which disallows the disregard of garnished wages, the Office of General Counsel, HEW, states:

 "the matter is not specifically addressed by the regulations and is not entirely free from doubt. In general, we believe the view expressed in PIQ 74–177 is, in most but not all circumstances, the better interpretation of the existing regulations. However, it appears to us necessary to examine the underlying debt on which the particular garnishment is based in order to determine whether the garnished wages are still to be considered as currently available income."

 Opinion Letter, Office of General Counsel, HEW, March 18, 1975.