Gloria THERIAULT et al.,
Plaintiffs-Appellants,

v.

David E. SMITH, Defendant-Appellee.

No. 75–1221.

United States Court of Appeals,
First Circuit.

Submitted July 8, 1975.

Decided July 30, 1975.

Robert Edmond Mittel and Susan W. Calkins, Portland, Me., for plaintiffs-appellants.

Joseph M. Kozak, Asst. Atty. Gen., for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

The pending motion, backwash from *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975), seeks a stay pending appeal of a district court order vacating an injunction predicated on the view rejected in *Burns.* How the controversy developed can be briefly stated. On June 25, 1974, plaintiffs filed a suit against defendant, a Maine official, claiming that he was violating federal law by not calculating AFDC benefits for otherwise qualified mothers so as to include their unborn children. Soon thereafter, on July 18, 1974, this court ruled that "dependent child" in § 406(a) of the Social Security Act, 42 U.S.C. § 606(a) (1970), included an unborn child. *Carver v. Hooker,* 501 F.2d 1244 (1974), *vacated* 420 U.S. 1000, 95 S.Ct. 1440, 43 L.Ed.2d 758 (1975). On July 29, 1974, the defendant consented to a decree *which required him to include unborn children in calculating AFDC benefits.* After these events the Supreme Court granted certiorari to resolve the conflict among the federal courts on the construction of § 406(a). *Burns v. Alcala,* 419 U.S. 823, 95 S.Ct. 39, 42 L.Ed.2d 47 (1974). When the Supreme Court rejected our view on March 18, 1975, the defendant modified Maine policy to exclude unborn children in calculating AFDC benefits. Plaintiffs then filed a motion for contempt, to which defendant responded on May 2 by moving, pursuant to Fed.R.Civ.P. 60(b)(5), to vacate the consent decree. On May 6 the district court denied the contempt motion and vacated the consent decree. The court

certified an interlocutory appeal under 28 U.S.C. § 1292(b) (1970), but denied a stay, which plaintiffs now seek from this court.*

■ "An applicant for a stay pending appeal must demonstrate among other things that there exists a probability that he will succeed in his appeal on the merits." *Morgan v. Kerrigan*, 423 F.2d 917 (1st Cir. 1975). In this case appellants must show a probability either that the district court lacked power to vacate the injunction or that it abused its discretion in doing so. We think there can be little argument that the court had power to vacate the injunction. *United States v. Swift & Co.*, 286 U.S. 106, 114–15, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932), is dispositive:

> "We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent. . . . Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery. . . . [A] court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong."

This principle is clearly recognized in Fed.R.Civ.P. 60(b)(5), upon which appellee relied in seeking vacation of the injunction. That rule authorizes relief where "it is no longer equitable that the judgment should have prospective application."

■ The second inquiry is whether there is a likelihood that the court abused its discretion in vacating the injunction. The appellants rely on *Lubben v. Selective Service System Local Board*

*No. 27*, 453 F.2d 645 (1st Cir. 1972). In that case the government also sought to rely on the third part of Rule 60(b)(5), but we rejected the claim, because the prior judgment only required the Selective Service System to afford *Lubben* a hearing on his case. That hardly amounted to the kind of inequity from continued enforcement of the injunction which Rule 60(b)(5) is designed to prevent. Moreover, in *Lubben* the government was essentially trying to make 60(b)(5) do service as an appeal, which is not a proper use of the rule. 7 J. Moore, Federal Practice ¶ 60.26[4], at 333–34 (2d ed. 1974). The discrete act required by the *Lubben* injunction had not been performed and the motion amounted to an attempt to relitigate the question. Here there is no effort to relitigate benefits already paid; the focus is on whether *prospective* application of the injunction still is equitable.

Appellee relies on *System Federation No. 91 v. Wright*, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), in which the Court held that a district court abused its discretion in *not* modifying an injunction. The injunction prevented the enjoined parties from engaging in activities which a subsequent congressional enactment specifically authorized. Appellee's argument here is that the decision in *Burns v. Alcala* is the functional equivalent of a congressional change in the law, since most courts had reached the opposite decision to that ultimately announced by the Court in *Burns*. *See Parks v. Harden*, 504 F.2d 861, 863 n. 4 (5th Cir. 1974), *vacated*, 421 U.S. 926, 95 S.Ct. 1651, 44 L.Ed.2d 84 (1975). We think resolution of this argument is unnecessary, since the principle of *System Federation No. 91 v. Wright, supra,* should not be limited to congressional changes. *See, e. g., Elgin National Watch Co. v. Barrett*, 213 F.2d 776, 780 (5th Cir. 1954); *City & County of Denver v. Denver Tramway Corp.*, 187 F.2d 410, 417 (10th Cir. 1951); *Coca-Cola Co.*

---

* The second and third claims in the complaint were based on asserted violations of the equal protection and due process clauses. Those claims, pretermitted by the consent decree, are now pending in the district court.

*v. Standard Bottling Co.,* 138 F.2d 788 (10th Cir. 1943); 7 J. Moore, Federal Practice ¶ 60.26[4], at 335–36 (2d ed. 1974). *But see Lehman Co. of America, Inc. v. Appleton Toy & Furniture Co.,* 148 F.2d 988 (7th Cir. 1945), and *National Popsicle Corp. v. Hughes,* 32 F.Supp. 397 (N.D.Cal.1940), *criticized* in 11 C. Wright & A. Miller, Federal Practice & Procedure § 2961, at 609 (1973). In any event, since we are unpersuaded that there is a probability that the district court abused its discretion, we deny the stay.

*Motion denied.*