Gloria THERIAULT et al.,
Plaintiffs-Appellants,

v.

David E. SMITH, Defendant-Appellee.

No. 75-1221.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1975.

Decided Sept. 30, 1975.

Susan Calkins, Robert Edmond Mittel and Sidney St. F. Thaxter, Portland, Me., on brief for plaintiffs-appellants.

Joseph M. Kozak, Asst. Atty. Gen., Augusta, Me., on brief for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This is an interlocutory appeal, certified on May 23, 1975, by the district court under 28 U.S.C. § 1292(b) (1970). At issue is the district court's order of May 6, 1975, vacating a consent decree to which defendant had agreed on July 29, 1974.[1]

In an opinion dated July 30, 1975, we denied plaintiff's motion for a stay pending appeal. *Theriault v. Smith,* 519 F.2d 809 (1st Cir. 1975). To decide the stay motion, we analyzed the merits in some detail so as to be able to evaluate plaintiffs' likelihood of prevailing. Careful consideration of plaintiffs' arguments on appeal has not led us to any different view of the merits than we then expressed.

We believe that the district court acted properly, in accordance with Fed.R. Civ.P. 60(b)(5), in vacating the consent decree in this case. The Supreme Court's decision in *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975), construing 42 U.S.C. § 606(a), represented a fundamental change in the legal predicates[2] of the consent decree. This is arguably the kind of situation in which relief should be available under Rule 60(b)(5).[3] Defendant sought pro-

---

1. For a summary of the factual and legal issues involved in this case, *see Theriault v. Smith,* 519 F.2d 809 (1st Cir. 1975).

2. The first item in the consent decree indicates that defendant agreed to grant the disputed AFDC benefits on the basis of his understanding of 42 U.S.C. § 606(a):

    1. Defendant beginning August 1, 1974 will, pursuant to 42 U.S.C. § 602(a)(10) and 42 U.S.C. § 606(a), grant AFDC benefits or additional AFDC benefits to otherwise eligible pregnant women (whose pregnancies

have been medically determined) on behalf of their unborn children.

At the time of the consent decree, our decision in *Carver v. Hooker,* 501 F.2d 1244 (1974) was controlling as to AFDC benefits for otherwise qualified mothers of unborn children. That decision was subsequently vacated by the Supreme Court, 420 U.S. 1000 (1975), and directly contradicted by *Burns v. Alcala, supra.*

3. Rule 60(b) reads, in pertinent part:

    On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment,

spective relief only, and he did so only as a result of an important decision of the Supreme Court. It may well be unreasonable to require defendant, for the indefinite future, to abide by a consent decree based upon an interpretation of law that has been rendered incorrect by a subsequent Supreme Court decision. As Mr. Justice Cardozo stated in the leading case of *United States v. Swift & Co.*: "A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." 286 U.S. 106, 114, 52 S.Ct. 460, 462 (1932). *See also System Federation No. 91 v. Wright,* 364 U.S. 642, 646–48, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961); 11 C. Wright & A. Miller, Federal Practice & Procedure, § 2863 (1973).

Any hesitation we might have in applying *Swift* to the case at bar is removed by the wording of the consent decree itself. That decree contained the undertaking that "Defendant beginning August 1, 1974 will, pursuant to 42 U.S.C. § 602(a)(10) and 42 U.S.C. § 606(a), grant AFDC benefits . . . to otherwise eligible women . . . on behalf of their unborn children." As the Court made clear in *Alcala,* the referenced provisions do not authorize such benefits. Defendant is therefore precluded from granting such benefits under their authority.

We find that, in vacating the consent decree, the district court exercised sound discretion, comporting with established principles of equity and the Federal Rules of Civil Procedure. Accordingly, its decision is affirmed.

---

order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable· that the judgment should have prospective application; . . . .

As we held in *Lubben v. Selective Service Board No. 27,* 453 F.2d 645 (1st Cir. 1972), the final clause of Rule 60(b)(5) should be read in light of the decision in *United States v. Swift*

& Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932). The criteria to guide the court's discretion in determining whether to grant prospective relief from a consent decree or injunction are contained in this crucial sentence from Mr. Justice Cardozo's opinion in *Swift*: "Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned." *Id.* at 119, 52 S.Ct. at 464.