728 F.2d 1101
 4 Soc.Sec.Rep.Ser. 232
 Lucinda CUNNINGHAM, through her next friend, Isabel Conner,
individually and on behalf of all others similarly
situated, Appellee,
v.
Barrett TOAN, Director, Missouri Department of Social
Services and James Moody, Director, Missouri
Division of Family Services, Appellants.
 No. 83-1820.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1983.
Decided March 1, 1984.
 
 J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Donald A. Gonya, Asst. Gen. Counsel, Randolph W. Gaines, Deputy Asst. Gen. Counsel, for Litigation, John B. Watson, Chief of Assistance Payments Litigation, Gwenda Jones Kelley, Atty. Dept. of Health and Human Services, Social Security Div., Baltimore, Md., for amicus curiae.
 Paul T. Keller, Dept. of Social Services, General Counsel Div., Jefferson City, Mo., for appellants.
 Richard Chase, Legal Services of Eastern Mo., Inc., St. Louis, Mo., for appellee.
 Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Appellants, public officials responsible for the administration of the Aid to Families with Dependent Children (AFDC) program in Missouri, appeal from a final order entered in the District Court[1] for the Western District of Missouri granting appellee's motion for summary judgment and permanently enjoining the state's practice of automatically regarding a minor parent's Old Age, Survivor and Disability Insurance (OASDI) benefits, paid to a representative payee, as income available to the minor parent's dependent child in determining the dependent child's eligibility and grant amount under the state's AFDC program. The named appellee and members of the class she represents are minor parents who were receiving OASDI benefits through a representative payee when they applied for AFDC benefits. For reversal appellants argue that the district court erred in (1) entering its judgment on the basis of appellee's motion for summary judgment and (2) holding that the state practice was in conflict with regulations promulgated under the Social Security Act, 42 U.S.C. Sec. 401 et seq. (1976 & Supp. V 1981), and therefore invalid under the supremacy clause. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 At the time of filing, appellee was a fifteen-year-old recipient of OASDI benefits which were based on the earnings record of her disabled father. A representative payee was receiving these benefits on behalf of appellee when appellee applied to the state for an AFDC grant for her dependent son. The Missouri Department of Social Services considered the OASDI benefits as income to the family unit consisting of appellee and her son in calculating the AFDC grant amount for the unit. Appellee contended that she should have been excluded from the AFDC assistance unit and that in determining eligibility and grant amount for her son, only the OASDI benefits actually used to meet his needs should have been counted. After an administrative hearing, the initial AFDC grant calculation was affirmed.
 
 
 3
 Appellee brought this class action under 42 U.S.C. Sec. 1983 for declaratory and injunctive relief alleging that Missouri's policy of counting OASDI benefits paid to a representative payee on behalf of a mother of a dependent child as income to that child when determining AFDC eligibility and grant amount conflicted with federal regulations governing the conduct of representative payees and violated the equal protection clause of the fourteenth amendment. Federal jurisdiction was invoked under 28 U.S.C. Secs. 1331 and 1343(3). The district court decided the statutory claim in favor of appellee and therefore did not reach the constitutional claim.
 
 
 4
 AFDC is a joint federal and state benefit program established by the Social Security Act, 42 U.S.C. Secs. 601-615, designed to provide financial assistance to needy dependent children and the parents and relatives who live with and care for them. A principal purpose of the program is to help such parents and relatives "attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection." Id. Sec. 601. The program is based on financial need. Dependent children are eligible for a grant if their income and resources are less than a set minimum subsistence level. In addition, to qualify for AFDC benefits, the children must be deprived of parental support because of the absence or incapacity of a parent and live in the home of the other parent or a relative. Id. Sec. 606(a)(1). If the caretaker parent or relative is also needy, he or she can be added to the grant. Id. Sec. 601(b).
 
 
 5
 AFDC is financed in large measure by the federal government. The program, however, is administered by the participating states which are given broad discretion in determining both the standard of need and the level of benefits. Shea v. Vialpando, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974); King v. Smith, 392 U.S. 309, 316, 88 S.Ct. 2128, 2133, 20 L.Ed.2d 1118 (1968); Johnson v. Likins, 568 F.2d 79, 81 (8th Cir.1977). Participation by a given state in the AFDC program is voluntary, but if a state does participate, its plan must comply with the requirements of the Social Security Act and regulations promulgated thereunder. King v. Smith, 392 U.S. at 317, 88 S.Ct. at 2133; McCoog v. Hegstom, 690 F.2d 1280, 1284 (9th Cir.1982).
 
 
 6
 In determining the need of a child for AFDC benefits, a state must consider the "income and resources of the child." 42 U.S.C. Sec. 602(a)(7)(A). Federal AFDC regulations provide that "net income ... and resources available for current use shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance." 45 C.F.R. Sec. 233.20(a)(3)(ii)(D) (1982). The federal regulations also provide that in family groups living together, income of a parent is considered or deemed available for minor children. Id. Sec. 233.20(a)(3)(vi).
 
 
 7
 We hold that the policy of deeming income of a parent as available to his or her minor children is invalid when the income is OASDI benefits received by a representative payee on behalf of the parent, because such a policy is in direct conflict with the federal statutes and regulations governing the conduct of representative payees. Title 20 C.F.R. Sec. 404.2035 (1983)[2] provides that a representative payee "has the responsibility to use the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purpose he or she determines ... to be in the best interests of the beneficiary." Failure to use the payments in this manner can expose the representative payee to criminal liability for conversion. 42 U.S.C. Sec. 408(e); 20 C.F.R. Sec. 404.2041. Missouri's deeming procedure creates an irrebuttable presumption that the representative payee will make available the OASDI payments for the support of the beneficiary's child. That presumption is contrary to the representative payee's legal obligation to the beneficiary and unlawfully restricts the discretion of the representative payee in applying the benefits.
 
 
 8
 Appellants argue that there is no conflict between the state procedure and the OASDI regulations, noting 20 C.F.R. Sec. 404.2040(c) which provides that a representative payee may use part of the OASDI benefits for the support of the beneficiary's legally dependent child if the current maintenance needs of the beneficiary are met. We fail to see the logic in this argument. The authority granted to the representative payee to use benefits for the support of legal dependents is directed to the representative payee's discretion, acting as a fiduciary of the beneficiary. A state policy which removes from the representative payee the determination of when a beneficiary's maintenance needs have been met, as well as the determination of what use of any surplus would be in the beneficiary's best interest, is clearly inconsistent with that discretion. The fact that a certain use is permitted does not allow a state to make such use obligatory.
 
 
 9
 Our holding is a narrow one and only applies to parents receiving OASDI benefits through a representative payee when they apply for an AFDC grant for their dependent children. Furthermore, to the extent that the OASDI benefits are actually available to the dependent child, the state may consider them in calculating the child's eligibility and grant amount.
 
 
 10
 Those courts which have had the opportunity to consider state AFDC "deeming" procedures as they relate to a parent's OASDI benefits paid to a representative payee have all applied a similar analysis and have enjoined the procedure. See Riddick v. D'Elia, 626 F.2d 1084 (2d Cir.1980); Snider v. Creasy, 548 F.Supp. 601 (S.D.Ohio 1982), appeal docketed, No. 82-3731 (6th Cir. argued Oct. 11, 1983); Barnes v. Reagen, 501 F.Supp. 215 (N.D.Iowa 1980); Griffith v. Burns, No. C77-2012 (N.D.Iowa Nov. 9, 1977). See also Johnson v. Harder, 383 F.Supp. 174 (D.Conn.1974), aff'd, 512 F.2d 1188, 1189 (2d Cir.) (state AFDC regulation providing that OASDI benefits received by a child through a representative payee may be included as income to legally dependent parent for purposes of determining parent's eligibility and grant amount is in conflict with federal regulations on representative payee's responsibilities and discretion), cert. denied, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 109 (1975).
 
 Summary Judgment
 
 11
 Appellants argued in their brief that the district court erred in entering its order based on appellee's motion for summary judgment because there is a question regarding the position of the Secretary of the Department of Health and Human Services (HHS) on the validity of the state's practice. Appellants characterized this question as a genuine issue as to a material fact precluding summary judgment under Fed.R.Civ.P. 56(c). As appellants conceded at oral argument, however, the case before the district court raised only questions of law. There was no factual dispute as to HHS's interpretation of its regulations, and the weight to be given this interpretation is a matter of law. Disposition of the case on appellee's motion for summary judgment was therefore appropriate.
 
 Deference Due HHS's Interpretation
 
 12
 The Secretary of HHS has submitted an amicus brief in this case taking the position that the district court misinterpreted the statutory and regulatory obligations of representative payees in administering OASDI benefits, and that it is permissible for a state to utilize its AFDC standard of need to determine what part of OASDI payments will satisfy a beneficiary's maintenance needs and to conclusively attribute the remainder as income available to the beneficiary's dependent child.
 
 
 13
 An agency's interpretation of its own regulations is entitled to deference by the courts, but an agency's interpretations are not conclusive and courts are not bound by them. White Industries, Inc. v. FAA, 692 F.2d 532, 534 (8th Cir.1982); McGoog v. Hegstrom, 690 F.2d at 1284. In the present case, the Secretary's interpretation of 20 C.F.R. Secs. 404.2035, .2040 is inconsistent with the language and spirit of the regulations which carefully set out the fiduciary responsibilities of a representative payee and clearly envision that the representative payee's discretion should be exercised freely. See Johnson v. Harder, 383 F.Supp. at 179-80. We hold, therefore, that our deference does not require acquiescence in the Secretary's approval of Missouri's practice challenged in this case.
 
 
 14
 The district court was correct in holding that the state practice conflicted with federal law and was therefore invalid. Accordingly, we affirm the order and judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 Formerly 20 C.F.R. Sec. 404.2003 (1982)