**MERCEDES MALONE, ANN RIVERA, Individually, and All Others Similarly Situated, Plaintiffs**

v.

**NORMAN JOHANSEN, Director, V.I. Department of Social Welfare, and MARGARET M. HECKLER, Secretary, Department of Health and Human Services, Defendants**

Civil No. 84/116

District Court of the Virgin Islands

Div. of St. Croix

January 11, 1985

ARCHIE JENNINGS, ESQ., AMELIA HEADLEY–LAMONT, ESQ., Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., *for plaintiffs*

JOYCE GLASON O'REILLY, Assistant Attorney General, Christiansted, St. Croix, V.I., *for defendant Norman Johansen*

DOUGLAS CAPDEVILLE, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for defendant Margaret Heckler*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiffs instituted this action, individually and on behalf of all others similarly situated, to challenge the termination of their Aid to Families with Dependent Children ("AFDC") benefits under the "lump-sum rule", 42 U.S.C. § 602(a)(17) (Supp. 1981). Defendants administer the AFDC program on the territorial and federal levels. The issue we must decide is whether the lump-sum rule applies to all AFDC beneficiaries or as plaintiffs argue, only to those with earned income. As recent precedent instructs us that 42 U.S.C. § 602(a)(17) applies to *all* AFDC families, we will grant defendants' motion for summary judgment.

## I. FACTS

Plaintiff Mercedes Malone was collecting $154 per month in AFDC benefits for herself and two children. In January 1984 she received $1,375 from the Virgin Islands Water and Power Authority in settlement of a potential claim. As a result, she was informed that her AFDC benefits would be discontinued for eight months under the lump-sum rule. The settlement money had already been exhausted on furniture, a washing machine, dentures and other household items. Malone reapplied for benefits but was denied. As eight months have passed since the termination of benefits they have been reinstated.

Plaintiff Ana Rivera received $209 monthly in AFDC benefits for herself and three children. After the death of a son she received an insurance check for $5,000. Her AFDC benefits were terminated for 23 months. The insurance money was spent on a washing machine, stove, food and other necessities long before she was entitled to further AFDC support.

On April 18, 1984 plaintiffs filed this action seeking declaratory and injunctive relief. They moved the Court for a temporary restraining order, preliminary injunction, for leave to proceed in forma pauperis, and for class certification. By order of the Court dated April 19, 1984 plaintiffs were granted in forma pauperis status.

Defendants Norman Johansen, Commissioner of the Department of Social Welfare in the Virgin Islands, and Margaret M. Heckler, Secretary of the United States Department of Health and Human Services, opposed the motion for a temporary restraining order and preliminary injunction, and moved for summary judgment. They also urged the Court to stay the proceedings as the Third Circuit Court of Appeals was in the process of ruling on the issue.

After a hearing held on May 9, 1984, wherein the Court made findings of fact, an order was entered denying the motion for a temporary restraining order and preliminary injunction, and class certification. Before us now is defendants' motion for summary judgment.

## II. DISCUSSION

Since its revision in 1981, as part of the Omnibus Budget Reconciliation Act, Pub. L. No. 97–35, the lump-sum rule has been repeatedly challenged. This rule, amending section 402(a)(17) of the Social Security Act, 42 U.S.C. § 602(a)(17), provides that certain AFDC beneficiaries who receive nonrecurring lump-sum income in excess of their monthly standard of need are ineligible for aid for a prescribed period of time.

Plaintiffs challenge the application of the lump-sum rule to all AFDC families. See 45 C.F.R. § 233.20(a)(3)(ii)(D). They claim that the governing statute, 42 U.S.C. § 602(a)(17), applies only to those AFDC families with earned income at the time of receipt of the lump sum.

The Third Circuit Court of Appeals was presented with this precise issue in Barnes v. Cohen, Nos. 84-1043, 84-5063, 84-5064 (3d Cir. Nov. 23, 1984), wherein the Court consolidated two district court cases with adverse holdings.

In Betson v. Cohen, 578 F. Supp. 154 (E.D. Pa. 1983), the court denied plaintiffs' motion for a temporary restraining order and class certification, and granted defendants' motion for summary judgment. Finding 42 U.S.C. § 602(a)(17) ambiguous, the court looked to the statute's legislative history and found that the intent was to give all AFDC beneficiaries incentive to budget lump-sum payments, not just those with earned income.

Conversely, in Harris v. Heckler, 576 F. Supp. 915 (D.N.J. 1983), summary judgment was granted in favor of plaintiffs. Analyzing the language of the statute and congressional policy, the court ruled that the lump-sum rule applies only to AFDC recipients with earned income.

Barnes has now put the issue to rest in this Circuit. In an exhaustive opinion, the Circuit Court first looked to the plain language of 42 U.S.C. § 602(a)(17) and found it to be ambiguous. Id., slip op. at 9. Turning to the legislative history of the statute, the Court stated Congress' two major purposes as the promotion of responsible budgeting of lump-sum income by AFDC families, and the reduction of the governmental cost of the AFDC program. Id. at 10.

Interpreting 42 U.S.C. § 602(a)(17) to apply to all AFDC recipients would further the legislative intent. The Court reasoned that if Congress wished to prevent the "perverse effect", predominant in the old statute, of encouraging families to spend lump-sum income as quickly as possible in order to retain AFDC eligibility, and if only seven percent of the AFDC caseload has earned income, then, accepting plaintiffs' argument, the "perverse effect", would continue for 93 percent of AFDC families. This is not supported by any explicit language. Id. at 11.

Supporting defendants' argument further, the new lump-sum rule would save the Federal Government $5 million per year if applied to all AFDC families, and only $350,000 if applied to just those with earned income. Id.

Another factor that the Court took into consideration was a recent amendment to 42 U.S.C. § 602(a)(17) which was interpreted as a clarification rather than a change of the lump-sum rule. The amendment, enacted on July 23, 1984 as part of the Deficit Reduction Act of 1984, clarified who the lump-sum rule applies to by deleting a controversial reference to § 602(a)(8)(A)(i) or (ii) and substituting a full description of AFDC beneficiaries and "essential persons". Id. at 12–13.

The Third Circuit Court of Appeals concluded that 42 U.S.C. § 602(a)(17) applies to *all* AFDC families. Other courts have reached

340

the same conclusion. Faught v. Heckler, 736 F.2d 1235 (8th Cir. 1984); Sweeney v. Murray, 732 F.2d 1022 (1st Cir. 1984); Walker v. Adams, No. 83-5527 (6th Cir. Aug. 20, 1984).

In their moving papers plaintiffs state that they have been forced to live under "desperate life-threatening circumstances" due to the termination of their AFDC benefits. We call attention to the emergency provision in 45 C.F.R. § 233.20(a)(3)(ii)(D) which provides that the period of ineligibility may be shortened where such life threatening circumstances exist, the non-recurring income has been or will be expended for essential needs, and there is no other income.

## III. CONCLUSION

As there are no genuine issues of material fact, and defendants are entitled to summary judgment pursuant to Fed. R. Civ. P. 56 as a matter of law, the motion will be granted and the cause of action dismissed.

## JUDGMENT

THIS MATTER is before the Court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT defendants' motion for summary judgment be and the same is hereby GRANTED; and

THAT plaintiffs' complaint be and the same is hereby DISMISSED.