**Lucinda CUNNINGHAM, Through her next friend, Isabel CONNER, individually and on behalf of all others similarly situated, Appellee,**

v.

**Barrett TOAN, Director, Missouri Department of Social Services and James Moody, Director, Missouri Division of Family Services, Appellants.**

No. 83–1820.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 19, 1985.

Decided May 9, 1985.

Paul T. Keller, Jefferson City, Mo., for appellants.

Richard Chase, St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

In *Cunningham v. Toan,* 728 F.2d 1101, 1103 (8th Cir.1984), we affirmed an order entered by the District Court for the Western District of Missouri which enjoined state officials from counting Old Age, Survivors and Disability Insurance (OASDI) benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* paid to a representative payee as income available to the OASDI beneficiary's dependent child when determining eligibility and payment under the Aid to Families with Dependent Children (AFDC) program, except to the extent that the OASDI benefits are actually applied to the needs of the dependent child. Our opinion was filed March 1, 1984.

Section 2640(a) of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 1145 (effective Oct. 1, 1984) (codified at 42 U.S.C.A. § 602(a)(38) (West Dec.1984, Pamphlet 3, Pt. 2)), enacted in July 1984, specifically addressed the statutory issue presented in the case. The Supreme Court then vacated the judgment and remanded the case for further consideration in light of the Deficit Reduction Act of 1984. *Toan v. Cunningham,* — U.S. —, 105 S.Ct. 896, 83 L.Ed.2d 912 (1985).

On remand we requested supplemental briefing from the parties on the issue of the effect of § 2640(a) of the Deficit Reduction Act of 1984. We have reviewed the supplemental briefs filed by the parties and we do not believe that additional oral argument is necessary. For the reasons discussed below, we modify the injunction issued by the district court, affirm the injunction as modified, and remand to the district court for further proceedings.

The facts are fully set forth in our prior opinion. Appellees are a class of minor parents living in Missouri who have applied for AFDC on behalf of themselves and their children. Appellees also receive OASDI benefits through representative payees. A representative payee is an individual selected pursuant to 42 U.S.C. § 405(j) to

receive the benefits on behalf of a beneficiary who the Secretary of the Department of Health and Human Services has determined "is not able to manage or direct the management of benefit payments in his or her interest." 20 C.F.R. § 404.2001 (1984). Appellants are state officials of the Missouri Department of Social Services and Division of Family Services who are responsible for the administration of the state AFDC program.

Appellants considered the minor parent and his or her dependent child as a family unit or "assistance unit" for purposes of the AFDC program. In order to determine AFDC eligibility and grant amount for an "assistance unit" consisting of the minor parent and his or her dependent child, appellants "deemed" or automatically considered the OASDI benefits paid to the minor parent through a representative payee as income available to the assistance unit. Appellees brought this class action under 42 U.S.C. § 1983 for declaratory and injunctive relief, alleging that appellants' deeming of OASDI benefits paid to a representative payee as income when determining AFDC eligibility and grant amount for the OASDI beneficiary's dependent child conflicted with applicable federal regulations governing the conduct of representative payees and violated the equal protection clause of the fourteenth amendment. Appellees argued that appellants should have determined AFDC eligibility on the basis of the dependent child's needs alone and should have included only the minor parent's OASDI benefits actually applied to meet the needs of the dependent child as income available to the dependent child. The district court decided the statutory claim in favor of appellees and thus did not reach the constitutional claim. We affirmed. Our analysis is set forth in our prior opinion. 728 F.2d at 1103–05.

Section 2640(a) of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 1145, added the following provision to 42 U.S.C. § 602(a):

(38) provide that in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

(A) any parent of such child, and

(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 406(a), if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j), in the case of benefits provided under title II)....

Thus, § 2640(a) of the Deficit Reduction Act of 1984 specifically provides that in making the AFDC eligibility and grant determination for the dependent child, the state must include the dependent child's parent in the assistance unit if the parent lives in the same household as the dependent child. In addition, the state must include "any income of or available for" the parent if the parent lives in the same household as the dependent child, "notwithstanding section 205(j), in the case of benefits provided under title II." Section 205(j) of the Social Security Act, 42 U.S.C. § 405(j), is the representative payee provision.

The regulations implementing § 2640(a) of the Deficit Reduction Act of 1984 provide that "[f]or AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance: ... [a]ny natural ... parent." 45 C.F.R. § 206.-10(a)(1)(vii)(A) (1984). The treatment of OASDI benefits paid to the parent of a dependent child through a representative payee for purposes of AFDC eligibility and grant determination is expressly addressed in the Supplementary Information, Discussion of Major Provisions, section of the AFDC interim final rules published in the

Federal Register, 49 Fed.Reg. 35,586, 35,-589 (1984):

> When title II ([OASDI]) benefits are paid to a representative payee on behalf of a member of the assistance unit and the payee lives in the same household as the assistance unit, the title II benefits must be counted as income. When the representative payee does not live in the household, the title II benefits are included only to the extent that the payee makes them available for the support of the beneficiary.

Thus, according to the discussion section accompanying the regulations implementing § 2640(a) of the Deficit Reduction Act of 1984, whether the state can deem the minor parent's OASDI benefits paid to a representative payee as income available for the assistance unit consisting of the minor parent and his or her dependent child for AFDC purposes depends upon whether the representative payee and the OASDI beneficiary are members of the same household. If the OASDI beneficiary, the dependent child and the representative payee live in the same household, then the state must consider the OASDI benefits as income available when making AFDC eligibility and grant determinations. However, if the representative payee does not live in the same household as the OASDI beneficiary and the dependent child, then the state can only consider the OASDI benefits as income available to the extent that the representative payee makes the OASDI benefits available for the support of the OASDI beneficiary.

We therefore modify the order entered by the district court. If the representative payee lives in the same household as the OASDI beneficiary and the dependent child, appellants must consider the OASDI benefits as income available for the purpose of AFDC eligibility and grant amount determinations. If the representative payee does not live in the same household as the OASDI beneficiary and the dependent child, appellants must consider the OASDI benefits as income available for the purpose of AFDC eligibility and grant amount determinations only to the extent

that the representative payee makes the OASDI benefits available for the support of the OASDI beneficiary.

Accordingly, the order of the district court as modified is affirmed and the case is remanded to the district court for further proceedings, including consideration of the constitutional claim which has not yet been addressed.