**Rochelle PAYNE, Trevenio Davis, by his next friend, Rhonda Payne, Janese Littlejohn, Ardella Walker, Felecia E. Jones, Martha K. Hopkins, Martha A. Evans, Linda Simpson, Carol Paxton, Plaintiffs,**

**v.**

**Barrett TOAN, Individually and as Director of the Missouri Department of Social Services, Joseph J. O'Hara, Individually and as Director of the Missouri State Division of Family Services, and Margaret M. Heckler, Secretary of the Department of Health and Human Services, Defendants.**

No. 84–4085–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Sept. 16, 1985.

On Motion to Alter or Amend
Oct. 15, 1985.

Richard F. Halliburton, Effie F. Day, James Marshall Smith, Kansas City, Mo., for plaintiffs.

Paul T. Keller, Jefferson City, Mo., for State defendants.

Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant Heckler.

## ORDER

SCOTT D. WRIGHT, Chief Judge.

Pending before the Court are cross-motions for summary judgment. The plaintiffs are Missouri residents who have been recipients of benefits under the Aid to Families with Dependent Children (AFDC) program, established under 42 U.S.C. § 602 *et seq.*, and codified by the State of Missouri at Mo.Rev.Stat. § 208.050 (1982). The State defendants are the Directors of Missouri's Department of Social Services, and Division of Family Services. The Federal defendant is the Secretary of the United States Department of Health and Human Services. At issue is the interpretation of the "lump sum rule" enacted by the Omnibus Budget Reconciliation Act of 1981 (OBRA), found at 42 U.S.C. § 602(a)(17). The lump sum rule provides that when any child or relative applying for AFDC receives a payment of a non-recurring lump sum income which exceeds the family's need standard, the family of which such person is a member will be considered ineligible for AFDC benefits for a period of time. The plaintiffs, for various reasons, have had their AFDC payments temporarily terminated under this lump sum rule, and they seek injunctive and declaratory relief pursuant to 5 U.S.C. § 701–706 and 42 U.S.C. § 1983.

The Court has previously issued a temporary restraining order, and the parties have submitted stipulated facts. Plaintiffs challenge the Federal and State defendants' interpretation of the lump sum rule on four grounds: (1) the rule cannot be applied to personal injury awards[1] or life insurance settlements[2] because such lump sum payments are resources and not income; (2) in light of the Deficit Reduction Act of 1984 and cases interpreting it,[3] the rule cannot apply to lump sum Social Security benefits received by a representative payee prior to October 1, 1984;[4] (3) the rule should not apply to members of a family assistance unit who are removed by a court order from the disqualified family and who have no control over expenditure of the lump sum;[5] and (4) the lump sum rule cannot apply to AFDC assistance units which were not receiving "earned income" at the time they received their non-recurring lump sum payment.[6]

### Personal Injury Settlements

By its own language, the lump sum rule applies only to *income* received in excess of the standard of need, not to *resources*. 42 U.S.C. § 602(a)(17). However, Congress has never explicitly defined the term "income" as it pertains to public assistance legislation. On the other hand, various federal agencies do not consider personal injury awards as income; for example, the Food Stamp Program under 7 C.F.R. § 273.9(c)(8) and the Internal Reve-

1. Three plaintiffs received personal injury settlements: Martha Evans received $6,000.00 and her family assistance unit was declared ineligible for 19 months; Martha Hopkins received $1,140.17 and was declared ineligible for 3 months; Carol Paxton received $1,189.18 and was declared ineligible for 4 months.

2. Plaintiff Linda Simpson received $12,086.95 in life insurance proceeds after a fire destroyed her house and killed two of her children and her father. Her assistance unit was declared ineligible for 29 months.

3. *Cunningham v. Toan,* 728 F.2d 1101 (8th Cir. 1984); vacated and remanded, —— U.S. ——, 105 S.Ct. 896, 83 L.Ed.2d 912 (1985); modified, 762 F.2d 63 (8th Cir.1985).

4. Two plaintiffs received Social Security benefits in a lump sum: Ardella Walker received $2,007.00 and was declared ineligible for 4.84 months; Felicia Jones received $2,865.50 and was declared ineligible for 6.31 months.

5. Three children of Diane Davis, Trevenio Davis, Sammy Payne and Jescinta Davis, were removed by court order after Diane Davis received a lump sum of $22,938.00 and the family was declared ineligible for 54.4 months.

6. Although the parties do not address plaintiff Janese Littlejohn's particular situation, she apparently fits into this category. She received a lump sum of $1,688.48 through a retirement plan and was declared ineligible for 6 months.

nue Service under 26 U.S.C. § 104 both exclude compensation for personal injury.

The courts have been split on the issue of considering personal injury awards for AFDC eligibility.[7] Because of this split, and because the Eighth Circuit has not addressed this issue, this Court finds the plaintiffs' argument more persuasive. A personal injury award is not a gain or profit to the recipient; it is an attempt to compensate the person for his injuries and put him in the same position he was prior to the injury. In fact, in the Missouri Income Maintenance Manual, a lump sum is defined to *exclude* compensation for loss of *resources*. It would be incongruous to exclude settlements on a damaged material resource, such as a car or house, and include settlements on damage to a person's body. Accordingly, the Court will grant relief requested by the plaintiffs as it applies to personal injury awards.

### Life Insurance Awards

■ This issue appears to be one of first impression, and certainly presents a more troublesome question. A person may be named the beneficiary of life insurance policy whether they are a family member, a distant relative or just a friend. Depending on the circumstances, receipt of such an award may be an unexpected windfall or a meager attempt to replace the breadwinner of a family.

In the situation before the Court, plaintiff Simpson was the victim of a fire that totally destroyed her house and its contents, and two of her minor children and her father died in the fire. She had no insurance other than the three life insurance policies that amounted to $12,086.95. Within three months, all the money was spent. The Division of Family Services gave Simpson a $3,300.00 offset, allowing for burial expenses, some rent payments, and the cost of a car needed for transporta-

tion to seek medical treatment. However, the rest of the money which was used to replace necessary household and personal items, as well as pay for medicine and medical care, was deemed income, and Simpson and her family were rendered ineligible under the lump sum rule for 29 months. Without AFDC benefits, Simpson's sole income for herself and her three surviving children is $253.00 a month in Food Stamp benefits. In this case the life insurance was clearly not a windfall, rather it was used to replace resources destroyed in connection with the same event causing deaths of those insured. To the extent life insurance awards are used in this particular manner, they should be considered resources and not income. The relief granted for this plaintiff should be considered limited to this type of exceptional situation.

### Social Security Benefits

■ Prior to enactment of the Deficit Reduction Act of 1984 (DEFRA), in particular Section 2640(a), the Eighth Circuit affirmed this Court's order enjoining state officials from counting OASDI benefits until Title II of the Social Security Act as income available to the OASDI beneficiary's dependent child when determining AFDC eligibility. *Cunningham v. Toan,* 728 F.2d 1101 (8th Cir.1984). However, the Supreme Court vacated that judgment and remanded the case for further consideration in light of DEFRA. *Toan v. Cunningham,* —— U.S. ——, 105 S.Ct. 896, 83 L.Ed.2d 912 (1985). The Eighth Circuit then modified this Court's order by holding that Social Security benefits paid to a representative payee will be income available for the purpose of AFDC eligibility, if the representative payee lives in the same household. If the representative payee does not live in the same household, then the benefits are considered income only to

7. Courts which *excluded* personal injury awards from the definition of income: *Barnes v. Cohen,* 749 F.2d 1009, 1018 (3rd Cir.1984); *LaMadrid v. Hegstrom,* 599 F.Supp. 1450, 1454 (D.Ore.1984); *Reed v. Lukhard,* 591 F.Supp. 1247, 1255 (W.D. Va.1984).

Courts which have *included* such awards: *Jackson v. Guissinger,* 589 F.Supp. 1288 (W.D. La.1984); *Betson v. Cohen,* 587 F.Supp. 121 (E.D.Pa.1983); *Davis v. Coler,* 601 F.Supp. 444 (N.D.Ill.1984).

the extent they are available to the beneficiary. *Cunningham v. Toan*, 762 F.2d 63 (8th Cir.1985).

The two plaintiffs in question have received the disqualifying benefits prior to October 1, 1984, the effective date of DEFRA. The issue before the Court is whether this section of DEFRA changed the law and should be applied retroactively, or whether it merely clarified existing law. Cases relied upon by defendant are those interpreting Section 2632(b) and will be discussed later in this order. While one section of DEFRA may have been clarifying rather than changing the law, this analysis does not necessarily hold true for the entire Act.

By comparing *Cunningham* I and *Cunningham* II, there is clearly a change in the law precipitated by DEFRA. Had plaintiffs Walker and Jones' cases been tried under *Cunningham* I, the Social Security benefits would have been improperly considered available to the entire family unit. To retroactively apply *Cunningham* II would result in a manifest injustice, and so this Court will apply the law in effect prior to October 1, 1984, DEFRA's effective date, and grant plaintiffs' requested relief as to this issue.

### *Family Members Removed by Court Order*

■ This issue concerns interpretation of 42 U.S.C. § 602(a)(17)(A). This section provides that if an individual receives income which exceeds the state standard of need applicable to the family of which he is a member, the income shall render the whole family ineligible. The Court must determine whether the term "family" should be construed to include children who have been removed from the home by a court order and have become part of another household.

In the specific situation presented to the Court, a woman, who had been receiving AFDC benefits for herself and three children, was awarded a cash settlement of $22,938.00 in April of 1983.[8] In a matter of months this woman spent the entire amount, none of it going towards necessities or life-threatening circumstances for the children. On July 28, 1983, by order of the Juvenile Court of Jackson County, Missouri, two of the children were placed with one aunt, and the third child placed with another aunt. Subsequently, these two aunts applied for AFDC benefits, but these children were found ineligible for 55.4 months on the basis of their mother's lump sum.

There is no case law on point and the only guidance by the Department of Health and Human Services is found at 47 F.R. 5656 (Feb. 5, 1982) where it commented: "After a State makes a determination of future ineligibility based on this provision, future changes in family composition or other relevant circumstances do not change or alter the period of ineligibility for the members of the assistance unit which has been determined ineligible." While this interpretation is entitled to deference, the comment would be most appropriately applied to *voluntary* changes in family composition. Clearly, AFDC recipients cannot avoid the lump sum rule by shuffling their children to other friends or relatives.

However, when children are removed by court order, the change is involuntary. Under these circumstances, it makes no sense to penalize the children for over four years because of their mother's lack of responsibility. Under the limited facts of this case, the plaintiffs' request for relief is granted.

### *No Earned Income Families*

■ The final issue concerns application of the lump sum rule to AFDC recipients notwithstanding their lack of any earned income at the time their lump sums were received. When DEFRA was passed in 1984, § 2632(b) amended § 402(a)(17) and made the lump sum rule applicable to *all* AFDC families, even those with unearned income. As with the Social Security bene-

---

**8.** The stipulation of facts does not address what kind of settlement this was, but the plaintiffs do not argue it is a personal injury award, or life insurance award that would fit under the Court's earlier holding.

fits issue discussed above, the plaintiffs argue that § 2632(b) is a *change* in the law and should not be applied retroactively, and defendants argue that the section is merely a clarification.

However, unlike the Social Security benefits issue where Eighth Circuit decisions indicated a change had in fact taken place, here the Eighth Circuit had an opinion consistent with the new section. In *Faught v. Heckler,* 736 F.2d 1235 (8th Cir.1984), the court held that the lump sum rule applied to *all* AFDC families. In further support of the defendants' argument, all the cases addressing this issue have held that § 2632(b) is a clarification and not a change. *Barnes v. Cohen,* 749 F.2d 1009, 1016 (3rd Cir.1984); *Malone v. Johansen,* 600 F.Supp. 199, 201 (D.V.I.1985); *Davis v. Coler,* 601 F.Supp. 444, 450 (N.D.Ill.1984). Therefore, plaintiffs' request for relief will not be granted on this issue.

### Conclusion

In accordance with the reasons stated herein, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted, and defendants' motion for summary judgment is denied in the following respects:

(1) The State defendants, their agents, employees and successors, are permanently enjoined from counting money received from personal injury settlements, and life insurance awards, to the extent the money is used to replace resources destroyed in connection with the same event causing deaths of those insured, as "income" rather than as resources in calculating eligibility for AFDC benefits under the lump sum rule of 42 U.S.C. § 602(a)(17);

(2) The State defendants, their agents, employees and successors, are permanently enjoined from applying the lump sum provision of 42 U.S.C. § 602(a)(17) to receipt of Social Security benefits made to representative payees prior to October 1, 1984;

(3) The State defendants, their agents, employees, and successors are permanently enjoined from applying 42 U.S.C. § 602(a)(17)(A) and RSMo. § 208.050(3)(a) to make children ineligible for AFDC benefits

when they have been removed from the ineligible family assistance unit by a court order.

It is further

ORDERED that the defendants' motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied as to the defendants' policy of applying the lump sum provision of 42 U.S.C. § 602(a)(17) to all AFDC recipients, regardless. of unearned income. It is further

ORDERED that the federal defendant is permanently enjoined from applying any sanctions against State defendants' implementation of the lump sum provisions of 42 U.S.C. § 602(a)(17). It is further

ORDERED that the federal government shall bear the costs of this action.

### On Motion to Alter or Amend

Pending before the Court is the federal defendant's motion to alter or amend its order enjoining the State defendants from applying the lump sum provision of 42 U.S.C. § 602(a)(17) to receipt of Social Security benefits made to representative payees prior to October 1, 1984. In question are benefits paid to plaintiff Jones and plaintiff Walker. While this court still finds that these benefits were not available to these two assistance units, it does agree with the federal defendant's point that the holding of *Cunningham v. Toan,* 728 F.2d 1101 (8th Cir.1984), did allow for benefits *actually available* to a dependent child to be considered in calculating the child's eligibility.

Accordingly, it is hereby

ORDERED that this Court's order of September 16, 1985 is amended in part to read: the State defendants, their agents, employees and successors, are permanently enjoined from applying the lump sum provision of 42 U.S.C. § 602(a)(17) to receipt of Social Security benefits made to representative payees prior to October 1, 1984, except to the extent that the benefits are actually available to the dependent children. It is further

ORDERED that this amendment does not affect either plaintiff Walker or plaintiff Jones.