**Rochelle PAYNE, Trevenio Davis, by his Next Friend, Rhonda Payne, Janese Littlejohn, Ardella Walker, Felecia E. Jones, Martha K. Hopkins, Martha Evans, Linda Simpson, Carol Paxton, Plaintiffs,**

v.

**Barrett TOAN, Individually and as Director of the Missouri Department of Social Services, Joseph J. O'Hara, Individually and as Director of the Missouri State Division of Family Services, and Margaret M. Heckler, Secretary of the Department of Health & Human Services, Defendants.**

No. 84–4085–CV–C–5.

United States District Court,
W.D. Missouri,
Central Division.

Sept. 28, 1987.

Richard F. Halliburton, Effie F. Day, James Marshall Smith, Kansas City, Mo., for plaintiffs.

Paul T. Keller, Jefferson City, Mo., for Toan and O'Hara.

Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for Heckler.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is the Federal defendant's motion to vacate the permanent injunction entered against the State defendants by this Court on September 16, 1985. For the following reasons, this motion is granted.

### Factual Background

On September 16, 1985, this Court issued an Order in the case of *Payne v. Toan,* 626 F.Supp. 553 (W.D.Mo.1985). This Order required, *inter alia,* that State defendants be permanently enjoined from counting money received through personal injury awards as income in calculating eligibility for AFDC benefits under the lump sum rule of 42 U.S.C. § 602(a)(17). The Federal defendant has filed a motion to vacate this Order under Rule 60(b)(6) of the Federal Rules of Civil Procedure on the grounds that the recent United States Supreme Court decision of *Lukhard v. Reed,* 481 U.S. ——, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987), allows personal injury awards to be treated as income. Because the Court feels that a 60(b)(5) motion is more appropriate in this case, the Court will consider this issue as if a 60(b)(5) motion had been filed.

### Standard of Review

The law is clear that relief under Rule 60(b) is an extraordinary remedy. It lies within the discretion of the trial court, and a granting or denial can only be reviewed for abuse of discretion. *In re Design Classics, Inc.,* 788 F.2d 1384 (8th Cir.1986). Relief under Rule 60(b) is, however, appropriate in some circumstances, such as those presented in the instant case.

Rule 60(b)(5) provides that relief from a judgment may be obtained where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.Pro. 60(b)(5). It is well-settled that a court of equity has the power to modify an injunction to adapt to changed conditions. "A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." *United States v. Swift and Co.,* 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932).

### Discussion

The Federal defendant has moved to vacate this Court's Order of September 16, 1985, based on the recent United States Supreme Court case of *Lukhard v. Reed,* 481 U.S. ——, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987), which held that states may treat personal injury awards as income under the lump sum rule of 42 U.S.C. § 602(a)(17). After carefully reviewing the *Lukhard* decision, this Court concludes that its permanent injunction barring the State defendants from treating personal injury awards as income must be vacated.

The case of *Williams v. Atkins,* 786 F.2d 457, 460 (1st Cir.1986), renders a clear explanation of the interests to be balanced here: a respect for substantial changes in the law versus continued relief for the plaintiffs. The *Williams* court cited the case of *Theriault v. Smith,* 523 F.2d 601

(1st Cir.1975), which is closely analogous to the instant case.

In *Theriault,* a consent decree granting AFDC benefits was based upon the First Circuit's interpretation of a federal statute. The Supreme Court later rejected this view of the statute, so the district court vacated the decree. In affirming this decision to vacate, the First Circuit stated that "[i]t may well be unreasonable to require defendant, for the indefinite future, to abide by a consent decree based upon an interpretation of law that has been rendered incorrect by a subsequent Supreme Court decision." This reasoning seems to be applicable to the effect of the *Lukhard* decision on this Court's Order in *Payne v. Toan,* 626 F.Supp. 553 (W.D.Mo.1985).

In the case of *Lukhard v. Reed,* 481 U.S. ——, 107 S.Ct. 1807, 1810, 95 L.Ed.2d 328 (1987), the United States Supreme Court resolved the conflict that had arisen among the circuits of whether states could treat personal injury awards as income. The Court noted that the Fourth Circuit had held that states could not lawfully treat personal injury awards as income when determining the eligibility of families seeking Aid to Families with Dependent Children (AFDC) benefits—which is identical to this Court's ruling in *Payne v. Toan,* 626 F.Supp. at 558.

In resolving this issue, the Supreme Court noted that states must administer their AFDC plans in conformity with applicable federal statutes and regulations promulgated by the United States Department of Health and Human Services. *Lukhard,* 107 S.Ct. at 1810. It must be noted that the term "income" has never been defined in this context, thus giving rise to the dispute over whether personal injury awards should be classified as "income" or "resources" in determining AFDC eligibility.

The *Lukhard* decision does not define "income" in this context. It does, however, find that Virginia's regulations that treat personal injury awards as income were "consistent with a perfectly natural use" of the word. *Id.* at 1812. The Court further found that treating personal injury awards as income is consistent with the administrative and legislative history of the AFDC statute. In fact, the Court found "... evidence that HHS has for many years interpreted the AFDC statute to at least *permit* States to treat personal injury awards as income." *Id.* at 1813. The United States Supreme Court concluded that Virginia's policy of treating personal injury awards as income was consistent with the AFDC statute and HHS regulations. *Id.* at 1816.

The *Lukhard* court's holding leads this Court to the conclusion that its Order for permanent injunction against the State defendants must be vacated because the Order does not give the State of Missouri the liberty to consider personal injury awards as income if it so chooses. Neither this Order, nor the *Lukhard* decision, should be considered a judicial mandate requiring that Missouri treat personal injury awards as income. Rather, this permanent injunction is vacated to give the State of Missouri Department of Social Services the freedom to choose whether personal injury awards should be treated as "income" or "resources" in Missouri.

Accordingly, it is hereby

ORDERED that the Federal defendant's motion for relief from the permanent injunction against the State defendants treating personal injury awards as income is granted. It is further

ORDERED that the Order issued September 16, 1985, will in all other respects remain in full force and effect.