Al PEARSON et al., Appellants,

v.

Jess G. BACHNER, d/b/a Fairbanks Aircraft
Service, Appellee.

No. 1484.

Supreme Court of Alaska.

Dec. 15, 1972.

Robert A. Parrish, James R. Blair, Fairbanks, for appellants.

Charles E. Cole, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and ERWIN and BOOCHEVER, JJ.

OPINION

PER CURIAM.

This appeal represents the third appearance of this litigation before this court.[1] The sole issue presented is whether or not the appellants are entitled to an inclusion of prejudgment interest in their awards.[2]

---

1. Bachner v. Pearson, 432 P.2d 525 (Alaska 1967); Bachner v. Pearson, 479 P.2d 319 (Alaska 1970).

2. The following chronology should prove helpful:·
    September 9, 1968: Judgment entered by superior court in favor of appellants,

prejudgment interest not included in damages.
    November 8, 1968: Notice of Appeal filed.
    June 5, 1970: Decision announced in State v. Phillips, 470 P.2d 266, 274 (Alaska 1970) (damages recovered in an

The one fact that deserves special notice is that the appellants never asked for prejudgment interest prior to their motion for judgment on the mandate of this court affirming the superior court's judgment on the jury verdict awarding damages for personal injuries to appellants.

■ If we treat this matter as an "appeal" from the superior court's entry of judgment according to our mandate, appellants cannot prevail. They failed to raise the issue of prejudgment interest either at their trial or on the two previous appeals. *See* Padgett v. Theus, 484 P.2d 697 (Alaska 1971); State v. 7.536 Acres, 431 P.2d 897 (Alaska 1967).

If this matter can be characterized as an appeal from the denial of a motion under Civil Rule 60(b) for a mistake in the entry of judgment (as the defendant-appellee has so characterized it) then the time periods of that rule apply.

■ Civil Rule 60(b)(1) allows for relief from judgment where a mistake of law has been committed by counsel or by the court. Well reasoned authority supports the view that a party seeking relief from a judgment on the basis of a subsequent change in the law should proceed under Rule 60(b)(1), treating the trial court's earlier judgment as a mistake of law.[3] But there are time limits within which such a motion may be made.[4] In Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697, 699 (Alaska 1970), we held that Rule 60(b)(1) requires the motion be made within a " 'reasonable time' within the one year period." The policies that finality of judgments be favored and that Rule 60(b)(1) motions not be substitutes for appeals, counsel that a motion for relief based on a subsequent change in law be made within the time for appeal from the judgment.[5] Appellants' motion was untimely since it was filed more than two and one-half years from the date of the original judgment.[6]

Civil Rule 60(b)(6) allows for relief for "any other reason justifying relief from the operation of the judgment" and can be argued as applicable to this case. However, it is clear that the elapse of two and one-half years is simply not a reasonable time for filing a motion under this subsection. The time limits of one year noted as to Civil Rule 60(b)(1) apply here also.[7]

Affirmed.

CONNOR, J., not participating.

---

action at law should usually include interest from the time the cause of action accrued.)

December 31, 1970: Decision announced in the case at bar affirming trial court judgment. Bachner v. Pearson, 479 P.2d 319 (Alaska 1970).

February 1, 1971: Appellants moved for judgment on the mandate, including prejudgment interest.

March 4, 1971: Prejudgment interest denied by superior court.

March 26, 1971: Notice of Appeal filed.

3. *See, e. g.,* Schildhaus v. Moe, 335 F. 2d 529, 531 (2d Cir. 1964); Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1955); 7 J. Moore, Federal Practice ¶ 60.22[3], at 260–61 (2d ed. 1971); 3 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 1325, at 407 (rules ed. Wright rev. 1968).

4. Rule 60(b) provides in part:
   The motion shall be made within a reasonable time, and for reasons (1) . . . not more than one year after the judgment . . . was entered . . . .

5. *See* 7 J. Moore, Federal Practice ¶ 60.22 [3], at 261 (2d ed. 1971); *cf.* Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697, 700 (Alaska 1970) (Rule 60(b)(1) motions based upon error of law committed by counsel must be made within 30 days from entry of judgment).

6. *Cf.* recent discussion of Civil Rule 60(b) in Mallonee v. Grow, 502 P.2d 432 (Alaska 1972).

7. 7 J. Moore, Federal Practice § 60.27 [3], 378–386 (1971).