Anthony Neenan CURLEY, Appellant,

v.

Diana Randall CURLEY, Appellee.

No. 3457.

Supreme Court of Alaska.

Jan. 5, 1979.

---

E. John Athens, Jr., Johnson, Christenson and Glass, Fairbanks, for appellant.

Kevin F. McCoy, Alaska Legal Services Corp., Kodiak, for appellee.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

BURKE, Justice.

The issue in this case is whether the superior court erred in refusing to grant appellant's motion for a reduction in the amount he is required to pay, under a decree of divorce, for child support. We hold that there was no error and affirm.

In 1976, Anthony and Diana Curley were divorced. Under the terms of a stipulation incorporated by reference in the divorce decree, Mrs. Curley was to have custody of the couple's sons Kevin, born in 1966, and Michael, born in 1962. Mr. Curley was given custody of their eldest son Anthony, born in 1957. The agreement further provided that Mr. Curley was to pay child support to his former wife in the amount of $200 per month per child, for those children in her custody, and that he was to maintain medical coverage for the children until they reached their nineteenth birthdays.

On February 10, 1977, Mr. Curley filed a motion in the superior court pursuant to AS 09.55.220, requesting that his support obligation be reduced from $200 to $100 per month per child. In an attached affidavit,

he stated that his income at the time of the divorce was $1,815.86 per month but that at the time of the motion it had been reduced to a net amount of $1,461.82 per month. He further stated that his expenses had increased from $1,716.73 per month at the time of the divorce to $1,744.96, and that the only way he was able to pay his bills was to utilize his savings which were soon to run out.

Diana Curley did not file formal opposition to the above motion nor did Mr. Curley request any hearing thereon at that time. The reason for this appears to be that the parties were attempting to resolve their differences without the necessity of a court appearance.

On April 15, 1977, the superior court entered an order denying Mr. Curley's motion on the ground that he had shown "no compelling reasons" for modification of the agreement entered into less than a year earlier. Unaware of the court's order, Mr. Curley made an untimely request for oral argument on his motion several days later.

Upon receipt of the court's order, Mr. Curley filed a motion seeking relief pursuant to Rule 60(b)(6), Alaska R.Civ.P.[1] In a supporting affidavit, he stated that his savings had been exhausted and that, as shown in an attached statement of income and expenses, his monthly expenses were exceeding his monthly income by nearly $300. Mrs. Curley opposed the motion, stating in an affidavit that it cost her approximately

$600 per month to support the two children in her custody.

On May 11, 1977, a hearing was held before the superior court on Mr. Curley's Rule 60(b) motion. At that time the court heard the parties' arguments regarding the merits of the underlying claim made by Mr. Curley, although evidence was not formally taken. The court denied the motion for relief from its order. This appeal followed.

■ Mr. Curley argues among other things that a number of procedural errors were committed by the superior court. His various arguments as to these matters are unpersuasive and we deem it unnecessary to discuss them in any detail. The remaining issues are: (1) what standard is to be applied when one parent seeks a reduction of a child support order pursuant to AS 09.55.220[2] and (2) whether the superior court abused its discretion[3] in concluding that such a reduction was not warranted in this case.

■ This court has not yet determined the standard to be applied when one party to a divorce later seeks a reduction in his or her child support obligation. Generally, the rule is that a modification of a support order may be obtained only where there has been a material and substantial change in circumstances occurring subsequent to the original order.[4] The change ordinarily must be more or less permanent rather than temporary.[5] An order may be modified

1. Rule 60(b)(6), Alaska R.Civ.P., provides:

   (b) *Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

   .  .  .  .  .

   (6) any other reason justifying relief from the operation of the judgment.

2. AS 09.55.220 provides:

   *Modification of Judgment.* Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or

for the maintenance of either party to the action.

3. As in other family law areas where discretionary authority is involved, we shall not reverse the trial court absent a showing of an abuse of discretion. *See, e. g., Houger v. Houger*, 449 P.2d 766, 770–71 (Alaska 1969).

4. *See, e. g., McFarlin v. Crawford*, 97 Idaho 458, 546 P.2d 855, 857 (1976); *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973); *Hume v. Hume*, 74 Wash.2d 319, 444 P.2d 804, 806 (1968); *Severson v. Severson*, 71 Wis.2d 382, 238 N.W.2d 116 (1976). *See also* Annot., 89 A.L.R.2d 7 (1963) and cases cited therein.

5. *See, e. g., McFarlin v. Crawford*, 97 Idaho 458, 546 P.2d 855, 857 (1976); *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973).

notwithstanding the fact that it was based on a separation agreement or stipulation signed by the parties.[6]

■ In determining whether a change in circumstances justifies a reduction in one parent's child support obligation, a number of factors must be taken into account. The court must consider both the needs of the child or children supported as well as the needs and financial abilities of both parents.[7] One factor which may be considered is whether the child's needs are less than they were at the time of the divorce. More commonly, however, the child's needs are the same or greater than they were at the time of entry of a support order and it is the moving parent's needs that are greater or whose income is less. In such cases, the trial court must examine the financial situation of both parents and determine whether the equities justify placing a greater burden on one and a correspondingly lesser burden on the other.[8]

■ Applying the above considerations to the instant case, we conclude that the superior court did not abuse its discretion in refusing to reduce appellant's child support obligation.[9] The evidence shows that Mr. Curley's monthly income had been reduced from $1,815.86 at the time of the divorce to approximately $1400 net at the time of the motion to reduce. This income consisted of appellant's earnings as a security guard in

Fairbanks as well as military retirement benefits. According to Mr. Curley, his expenses had risen to the point where they exceeded his income by $300 per month. Of these expenses, it is noteworthy that some $723 a month was incurred in housing expenses for himself and his emancipated son Anthony.

At the time of the motion to reduce, Diana Curley had remarried and was living in Kodiak. Her income at that time consisted of $58 per week in unemployment benefits. She asserted that it was costing her approximately $600 per month to support the two children. Earlier, she had received about $6,000 from the sale of the parties' home while Mr. Curley had received about $1,500.

There is no evidence that the needs of the two children in Mrs. Curley's custody were less at the time Mr. Curley sought a reduction in his child support payments. Nor is there the slightest doubt that $600 per month is an amount reasonably necessary to support the two children. The question remaining, therefore, is whether the equities justified a decrease in appellant's $400 monthly support obligation and a corresponding increase in appellee's financial burden. Given the fact that after paying $400 in child support, Mr. Curley was still left with about $1,000 per month with which to support himself and assertedly his emancipated son, while Mrs. Curley was

---

6. H. Clark, Law of Domestic Relations, § 15.2, at 498 (1968).

7. See, e. g., Paige v. Paige, Superior Court No. 71–1357 (Alaska 1972) (unreported opinion); Hamann v. Hamann, 20 Ariz.App. 234, 511 P.2d 678, 680 (1973).

8. Paige v. Paige, Superior Court No. 71–1357 (Alaska 1972) (unreported opinion).

9. In its order denying appellant's motion to reduce child support payments, the superior court found "no compelling reasons" for modification of the agreement entered less than a year earlier. As appellant points out, this was not the correct standard to be applied in this case. The proper standard requires the movant to show by a preponderance of the evidence

that there has been a material and substantial change in circumstances. In appellant's motion for modification of the order under Rule 60(b), appellant did not raise the issue of an improper standard of proof having been used by the trial court. If he wished to raise that issue, he should have done so at that time so as to have given the trial court the opportunity to indicate whether it had actually used a correct standard of proof and, if not, to have afforded the court the opportunity of making any correction necessary. However, in reviewing the transcript of the hearing on appellant's motion for relief from the order, we conclude that the lower court in fact applied the sort of balancing of the equities approach which we have enunciated in this opinion.

only receiving some $240 in unemployment benefits, we cannot say that a redistribution of the support burden as between Mr. and Mrs. Curley was justified. We recognize that $1,000 per month is not an extravagant sum and that appellant's expenses may very well exceed his income. However, in the circumstances of this case, we think it is both possible and necessary for appellant to reduce his expenses so as to be able to continue to provide for his children.

The judgment of the superior court is AFFIRMED.