**Mark T. HEADLOUGH, Appellant,**

v.

**Kathy M. HEADLOUGH, Appellee.**

**No. 5409.**

Supreme Court of Alaska.

Jan. 29, 1982.

---

Joseph Palmier, Palmier & Stohr, Anchorage, for appellant.

Kenneth Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before RABINOWITZ, C. J., BURKE, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.*

## OPINION

DIMOND, Senior Justice.

This is an appeal from an order of the superior court modifying a divorce decree to increase child support payments.

Kathy Headlough filed a complaint for divorce on December 8, 1977. She and Mark Headlough were divorced by a decree issued on May 17, 1979. There were three children born during the marriage, currently age eight, four and two. In the divorce decree Kathy was awarded $400 per month as child support. There are no findings in the record with respect to the relative income of the parties upon which the original support order was based.

About seven and one-half months after the divorce decree was entered, Kathy moved to modify the decree to increase child support, alleging she could not make ends meet on her income and the amount provided for child support.

The matter was argued before a master, who made oral findings and recommendations, and concluded that there had not been a showing of substantial material change of circumstances that would warrant this court in recommending an increase in child support. He also found that in fact the plaintiff and defendant are roughly in the same positions, vis-a-vis each other, that they were one year ago, and that the expenditures made by the plaintiff on behalf of the children are not in fact substantially higher than they were one year ago.

Kathy filed written objections to the master's report. The superior court in-

* Senior Justice Dimond sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska, and Alaska R.Admin.P. 23(a).

creased the support award to $600 per month, in spite of the master's recommendation, and denied Mark's motion for reconsideration, finding that the master's decision was "clearly erroneous". Mark appeals.

 Mark argues that the trial court erred in not accepting the master's finding of no substantial material change of circumstances. He points to Civil Rule 53(d)(2), which requires the trial court to accept the master's findings of fact unless clearly erroneous.[1] Findings are clearly erroneous if, based on the record as a whole, the court is left with the definite and firm conviction that a mistake has been made. *State v. Abbott*, 498 P.2d 712, 727 (Alaska 1972); *State v. Phillips*, 470 P.2d 266, 268 (Alaska 1970). Mark argues that there was no evidence in the record to show a change in circumstances, that the trial court could not be left with the definite conviction that the master was mistaken, and therefore the master's findings could not be clearly erroneous. Thus, he contends, the trial court erred in not accepting the master's recommendation.

 We do not agree. The master's findings do not control the outcome of this case. While the master can, within the limits set by the clearly erroneous standard, determine facts, the exercise of judicial discretion upon those facts is vested in the superior court. With respect to the proper course of action to be taken in light of all the facts, the master's recommendation is not controlling, and the superior court is free to disregard it. *See Hickey v. Bell*, 391 P.2d 447, 448 (Alaska 1964).

In *Curley v. Curley*, 588 P.2d 289, 291–292 (Alaska 1979) we held that

[g]enerally, the rule is that a modification of a support order may be obtained only where there has been a material and substantial change in circumstances occurring subsequent to the original order.

Mark argues that there was no such material and substantial change in circumstances here which would justify the court in increasing his support payments for the children from $400 to $600 a month.

In one sense this argument has some appeal. The motion to modify was made only seven months after the superior court determined the amount Mark should pay for child support. Kathy testified in her deposition that her expenses and those of the children were essentially the same as they had been at the time of the divorce. On its face, then, one might argue that there had been no material and substantial change of circumstances justifying the increase of the amount of support Mark was obliged to pay.

On the other hand, we cannot overlook the prevailing principle that the best interests and welfare of the children of divorced parents is the primary concern of the courts in divorce cases. We have consistently adhered to this basic policy in cases where decisions are made as to the award of custody of children in such cases.[2] As we stated in *King v. King*, 447 P.2d 356, 357 (Alaska 1970):

In our recent decision in *Sheridan v. Sheridan*, 466 P.2d 821 (Alaska 1970), we reviewed the development of Alaska doctrine on child custody determinations. Starting with *Rhodes v. Rhodes*, 370 P.2d 902 (Alaska 1962), and *Harding v. Harding*, 377 P.2d 378 (Alaska 1962), and ending with the passage in 1968 of the

---

1. Civil Rule 53(d)(2) reads as follows:

 In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 77. The court after hearing may adopt

the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

2. *Deivert v. Oseira*, 628 P.2d 575, 579 (Alaska 1981); *Carle v. Carle*, 503 P.2d 1050, 1052 (Alaska 1972); *Sheridan v. Sheridan*, 466 P.2d 821, 824 (Alaska 1970); *King v. King*, 477 P.2d 356, 357 (Alaska 1970); *Rhodes v. Rhodes*, 370 P.2d 902, 903 (Alaska 1962).

current provisions of AS 09.55.205, there has been a steady course of legal development whereby the best interests of the child are to be the paramount consideration in custody cases....

■ But our fundamental concern as to the best interests of children in these cases is not limited solely to a decision as to which parent is more fit or qualified to be given custody of the children. A responsible determination of that question must of necessity involve, not only fitness of the parent to supervise the development and growth of the children, but also the means by which that objective may be accomplished. It would be a decision without substance to award custody, e.g., to a mother, as here, and also not provide the financial means by which she can discharge her duties of properly rearing the children. To not be vitally concerned with this aspect of divorce would amount to an abandonment by a court of the common sense realization of what the awarding of custody of children is all about.[3]

■ At the time of the original divorce decree, the court apparently assumed that considering the financial means of both parties and the needs of Kathy in rearing the children, the sum of $400 a month for support of the children to be paid by Mark was sufficient. But it soon became evident to Kathy that although the expenses of supporting the children had not changed, the sum of $400 a month to be paid by Mark simply was not enough, together with her own financial means, to adequately support the children.

In a true sense, then, there was a change of circumstances. There was a "change" in the sense that there may have been a mistake in the assumption made when the decree was entered—that the real needs of Kathy for support of the children were something different[4] from that which had been assumed seven months earlier. We agree with the Supreme Court of California in *Bratnober v. Bratnober*, 48 Cal.2d 259, 309 P.2d 441, 443–44 (1957) where it was held that a failure to realize the reasonable expectations upon which a divorce decree is based may constitute a change in circumstances that will warrant modification of a child support award.

In our decision in *Curley*, 588 P.2d 289, 291, we spoke of the general rule that a change in circumstances must be material and substantial. The superior court may well have reached the conclusion that lack of sufficient funds to permit Kathy to do an adequate and reasonable job in providing for the best interests and welfare of the children was something which was both material and substantial.

The record discloses that at the time of the motion to modify the total cost of supporting the children was in excess of $1040 per month,[5] and that Mark's net income was from fifty per cent to one hundred per cent greater than Kathy's.

■ Considering these facts and all the other evidence in the case, the superior court had the task of determining whether the amount of child support paid by Mark

---

3. In determining whether a child support obligation should be increased, we must consider not only the needs of the children, but also the needs and financial abilities of both parents. See Curley v. Curley, 588 P.2d 289, 292 (Alaska 1979).

4. The noun "change" means, among other things, "something different". The American Heritage Dictionary 224 (1973).

5. The evidence as to the children's expenses indicates the following costs at the time of the motion to modify:

| | Two eldest | Youngest | Total |
|---|---|---|---|
| Rent | $ 133 | $ 67 | $ 200 |
| Babysitting | 400 | 0 | 400 |
| Electricity | 7 | 3 | 10 |
| Clothing | 100 | ? | 100 + |
| School lunches | 30 | 0 | 30 |
| Food | 200 | 100 | 300 |
| Total | $ 870 | $ 170 + | $1040 + |

The amounts shown here, except for food and rent, are taken from Kathy's affidavit and testimony. A pro rata division of expenses for food costs has been made; of the total rent, we have arbitrarily allocated $350 for Kathy and $200 for the children. We intimate no opinion

should be increased. In doing this, the court had to

> examine the financial situation of both parents and determine whether the equities justify placing a greater burden on one and a corresponding lesser burden on the other.

*Curley,* 588 P.2d at 292. The court decided that Mark's child support payments should be increased from $400 to $600 a month. Where there has been such an exercise of discretionary authority, we shall not overturn a decision made by the court absent a showing of an abuse of discretion. *Id.* at 291, n.3.

█ On this record we are unable to determine whether there has been an abuse of discretion. The reason is that the court did not explain why it modified its original order—it made no findings of fact. Civil Rule 52(a) states in part that

> [i]n all actions tried upon the facts without a jury . . ., the court shall find the facts specially and state separately its conclusions of law thereon. . . .

It is true that this case is not an appeal from the original divorce proceeding, where findings would be entered as a matter of course. Rather, we are concerned here with a motion to modify the original decree, and it might be argued that in such an instance Civil Rule 52 findings are not required. That is not so. The reason for requiring adequate findings is as important here as in the original proceeding, *i.e.,* to give this court a clear understanding of the trial court's decision so as to enable this court to determine the grounds upon which the trial court reached its decision.[6]

█ Since we are unable to determine the reasons for the trial court's decision to increase Mark's support payments, which would include the facts considered by the court in reaching its decision, the case must be remanded in order to obtain this infor-

mation. In the meantime, this court retains jurisdiction of this case.

REMANDED.

CONNOR, J., not participating.

---

with respect to whether the amounts claimed are reasonable or realistic.

**6.** *See State v. I'Anson,* 529 P.2d 188, 197 (Alaska 1974). *Urban Development Company v.*

*Dekreon,* 526 P.2d 325, 328 (Alaska 1974); *Merrill v. Merrill,* 368 P.2d 546, 548 (Alaska 1962).