Ellie Marie PARKS and Willis Eugene Parks, Plaintiffs-Appellees,

v.

U. S. LIFE AND CREDIT CORPORATION, Defendant-Appellant.

No. 81–7758
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 4, 1982.
Rehearing and Rehearing En Banc Denied Aug. 6, 1982.

---

Jones & Clark, Lewis N. Jones, Atlanta, Ga., for defendant-appellant.

Pettigrew & Trippe, Harry W. Pettigrew, Atlanta, Ga., for plaintiffs-appellees.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

U. S. Life and Credit Corporation, defendant below, seeks reversal of the district court's refusal to grant it relief from a judgment under Fed.R.Civ.P. 60(b). We have jurisdiction. *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976). Because the district court's refusal to grant the motion was proper, we affirm.

In a suit filed in 1979, the Parks alleged that U.S. Life and Credit had violated the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z promulgated thereunder. They asserted that the use of certain terms in a loan disclosure statement was confusing and misleading to the borrower in violation of the Act and Regulation. The magistrate opined that no violation had occurred. The district judge disagreed. Recognizing no Supreme Court or Fifth Circuit cases directly governed, he relied on *Ford v. General Finance Corporation of Georgia*, No. 78–328A (N.D.Ga., June 5, 1979) (Edenfield, J.), and entered judgment for the appellees on September 25, 1980. U.S. Life and Credit Corporation chose not to appeal.

On March 13, 1981, the Fifth Circuit affirmed a contrary district court holding that the identical terms were not confusing or misleading. *Blalock v. Aetna Finance Co.*, 511 F.Supp. 33 (N.D.Ga.1980), *aff'd*, 641 F.2d 878 (5th Cir. 1981). On June 8, 1981, relying on *Blalock*, appellant filed a motion for relief from judgment under Fed.R. Civ.P. 60(b)(1) (mistake) and 60(b)(6) (any other reason justifying relief). The district court denied the motion acknowledging that a change in controlling case law may warrant relief under Rule 60(b) but correctly holding that no controlling case law existed at the time of the original judgment.

 Rule 60(b)(1) authorizes a court to grant relief from judgments for "mistake, inadvertence, surprise, or excusable neglect." The "mistakes" of judges may be remedied under this provision. *Meadows v. Cohen*, 409 F.2d 750, 752 n.4 (5th Cir. 1969).

The rule encompasses mistakes in the application of the law. *Oliver v. Home Indemnity Co.*, 470 F.2d 329 (5th Cir. 1972).

> The policy favoring such a construction is, of course, one aimed at preventing the unnecessary wasting of energies by both appellate courts and litigants. It seems that absent the chance of serious injury to the rights of any party, the possible saving of judicial energies warrants the use of such a discretionary reconsideration by the district court. Here the district court properly entertained Pruitt's motion which was filed within the period allowed for giving notice of appeal and in fact after notice of appeal had been filed. In such circumstances, it is difficult to see how this reconsideration by the district court could have worked an injustice to any party.

470 F.2d at 331 (footnote omitted).

Some circuits have limited the use of Rule 60(b) to a time not exceeding the time allowed for appeal. *E.g., Gila Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966). *See* 11 Wright & Miller, *Federal Practice & Procedure* § 2858, at 178–80; 7 *Moore's Federal Practice* ¶ 60.22[3], at 263. The Fifth Circuit, however, has expanded *Oliver* and has held that the time allowable for taking an appeal is not a *per se* limitation on filing of a Rule 60(b)(1) motion. *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976).

In *Lairsey*, a Rule 60(b) motion was made in district court pointing out a post-judgment change in the controlling decisional state law. At the time of the filing of the motion, the judgment was before the Fifth Circuit for appellate review. The district court dismissed the motion as untimely because it was not filed within the period allowed for perfecting an appeal. The appellate court disagreed with that basis for denial and also addressed the argument that because the case was on appeal when the motion was filed the district court did not have jurisdiction. Judge Godbold, speaking for the court, responded:

> [T]his circuit, along with other circuits and the commentators, has expressly rec-
ognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal. *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697 (C.A.5, 1955); *Oliver v. Home Indemnity Co., supra*, at 331; 11 Wright & Miller, Federal Practice & Procedure § 2873, at 265–66.

542 F.2d at 930. *See Wilson v. Thompson*, 638 F.2d 801 (5th Cir. 1981).

■ A party may not use Rule 60 as a substitute for a timely and proper appeal. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127 (5th Cir. 1975); *Annat v. Beard*, 277 F.2d 554 (5th Cir. 1960). *See* 7 *Moore's Federal Practice* ¶ 60.18[8], at 216. *Lairsey* did not involve such an attempt. At the time the 60(b) motion was filed an appeal was pending. Judicial economy and common sense dictated filing a 60(b) motion before the trial court rather than arguing the new law before the appeals court.

> Permitting the district court to have the first bite at the issue is a direct way of reaching a problem which otherwise can be attacked circuitously—if the motion were addressed to this court we could remand with directions to the district court to consider it, or we could affirm subject to the district court's considering the motion. *Aldridge v. Union Bankers Insurance Co.*, 457 F.2d 501 (C.A.5, 1972).

542 F.2d at 931.

■ Nonetheless, appellant, acknowledging the absence of a pending appeal here, argues that *Lairsey* stands for the proposition that a Rule 60(b)(1) motion should be entertained any time the law changes and the motion is filed within the one-year time prescribed by the rule. For whatever reason, appellant chose not to appeal at the time of the initial judgment and now seeks to use Rule 60(b) as a substitute for appeal after others had sought a ruling from the Fifth Circuit. An unsuccessful litigant may not rely on appeals by others and share in the fruits of victory by way of a Rule 60(b) motion. *Ackermann, supra;*

*Annat, supra; Oliver v. Monsanto Co.,* 56 F.R.D. 370 (S.D.Texas 1972), *aff'd,* 487 F.2d 514 (5th Cir. 1973).

The strong interest in the finality of litigation demands rejection of appellant's suggestion. During the pendency of an appeal, the parties recognize the possibility of reversal; thus, modification of a judgment being appealed impacts not at all on finality concerns. "There must be an end to litigation some day, and free, calculated and deliberate choices are not to be relieved from." 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207. Under appellant's suggestion all judgments would not be final for a year. Their enforceability would be conditioned on no change in the law. The resulting instability would create chaos. The appellant's argument is rejected and the judgment of the district judge is

AFFIRMED.