Donald Raymond
**LAWRENCE, Appellant,**

v.

**Donna Louise LAWRENCE, Appellee.**

No. S–652.

Supreme Court of Alaska.

April 25, 1986.

---

Fleur Roberts, Law Offices of Dick L. Madson, Fairbanks, for appellant.

J. John Franich, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Donald Lawrence brings this appeal from the superior court's denial of his motion for

modification of his divorce decree. Lawrence requested the court to vacate the portion of its decree requiring him to pay post-majority educational child support. The superior court held that since Lawrence had not appealed the decree, his motion was a Civil Rule 60(b) motion, which was untimely. Additionally, the superior court ruled that if Lawrence was relying upon AS 25.24.170 to modify the decree, he failed to show a material and substantial change in circumstances. We affirm in part and reverse in part.

FACTS

Donald and Donna Lawrence were divorced in 1983. They have one child, Donda, born on May 21, 1966. The December 21, 1983, divorce decree requires Donald Lawrence to pay $600.00 per month in child support until Donda reaches eighteen years of age. Additionally, the superior court ordered Lawrence to pay the actual costs of Donda's full time college education, up to a maximum of $7,200.00 per year, until Donda reaches the age of twenty-two, or as long as she remains in college.

On March 30, 1984, three months after the superior court entered its decree, *Dowling v. Dowling*, 679 P.2d 480 (Alaska 1984) was decided by this court. *Dowling* expressly overruled *Hinchey v. Hinchey*, 625 P.2d 297 (Alaska 1981), and held that AS 25.24.160 [1] only authorizes support for minor children. *Dowling*, 679 P.2d at 483.

Relying upon this change in decisional law, Donald Lawrence filed a motion to modify the post-majority educational child support provisions, seven months after the entry of his divorce decree and four months after the *Dowling* decision. The superior court denied Lawrence's modification motion.

I.   Did The Superior Court Properly Deny Lawrence's Motion To Modify Based Upon AS 25.24.170?

AS 25.24.170 provides in part:

1.  AS 25.24.160 provides in part:
    In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide

    .    .    .    .    .

[A]ny time after judgment the court, upon motion of either party, may set aside, alter, or modify so much of the judgment as may provide ... for the care and custody of the minor children or for their nurture and education.

We interpreted this statute in *Curley v. Curley*, 588 P.2d 289, 291 (Alaska 1979), holding as follows:

Generally, the rule is that modification of a support order may be obtained only where there has been a material and substantial change in circumstances occurring subsequent to the original order.

■   Lawrence argues that a material and substantial change in circumstances is no longer a strict requirement for modification of a child support order, relying on *Headlough v. Headlough*, 639 P.2d 1010 (Alaska 1982) and *Larson v. Larson*, 661 P.2d 626, 628 n. 2 (Alaska 1983).

In *Headlough*, the custodial parent testified that her expenses had not changed for the upkeep of her two minor children and that her income had not declined. Nevertheless, we held that her discovery that the sum originally awarded was inadequate to meet her children's needs constituted a change in circumstances.

Noting that our primary concern was the best interests and welfare of the children of divorced parents, we reasoned as follows:

In a true sense then, there was a change in circumstances. There was a "change" in the sense that there may have been a mistake in the assumption made when the decree was entered—that the real needs of Kathy for support of the children were something different from that which had been assumed seven months earlier.

*Id.* at 1013. Thus, *Headlough* does not indicate that the change in circumstances

(2) for payment by either or both parties of an amount of money or goods, in gross or installments, as may be just and proper for the parties to contribute toward the nurture and education of their children, ...

requirement has been relaxed. Rather, as the court noted in *Larson,* it means only that parties need not show a change in income or in the needs of the children to meet the substantial change in circumstances requirement. *Larson,* 661 P.2d at 628 n. 2.

■ Lawrence does not assert that a mistake was made when the award was entered. Neither do the considerations prevailing in *Headlough* apply in this case. Since Lawrence has failed to demonstrate either that his circumstances have changed or that the original award was mistaken, he has failed to meet the requirements of AS 25.24.170.

Lawrence further contends, relying on *Dowling,* that a change in the law is sufficient to meet the substantial change in circumstances requirement. *Dowling* does not support this proposition. In *Dowling,* the child support agreement provided that payments would be made until the child turned nineteen, married, died or became "otherwise emancipated." *Dowling,* 679 P.2d at 482. Subsequently, the statutory age of majority was reduced by the Alaska Legislature from nineteen to eighteen. AS 25.20.010. The question confronting the court in *Dowling* was not one of modification, but merely of interpreting the agreement, i.e., whether "otherwise emancipated" included emancipation by operation of law. *Dowling,* 679 P.2d at 482.

On the basis of the foregoing. we hold that Lawrence failed to show a change in circumstances which would allow the superior court to modify its divorce decree under AS 25.24.170, eliminating the portion of the decree requiring him to pay post-majority educational child support.

**2.** *See Hinchey v. Hinchey,* 625 P.2d 297 (Alaska 1981), *rev'd in part, Dowling v. Dowling,* 679 P.2d 480 (Alaska 1984).

**3.** Alaska Civil Rule 60(b) provides in part:
On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
(1) mistake

II. Did The Superior Court Properly Apply Civil Rule 60(b) In Denying Lawrence's Motion To Modify The Divorce Decree?

The superior court denied Donald Lawrence's Civil Rule 60(b) motion for the following reasons: at the time the decree was entered Alaska law permitted post-majority education awards;[2] Lawrence did not appeal from the December 1983 decree and therefore he was required to seek relief under some other provision of applicable law; the most probable vehicle for relief would be Civil Rule 60(b)(1) or (5); Rule 60(b)(1) was unavailable as a basis for relief because the time for appeal had passed at the time the modification motion was filed; and Rule 60(b)(5) was unavailable as a basis for relief because a change in decisional law is not a ground for relief under this subsection.

■ When a party seeks relief from a judgment, which does not have prospective application, because of a subsequent change in the law a Civil Rule 60(b)(1) motion should be used.[3] *Pearson v. Bachner,* 503 P.2d 1401, 1402 (Alaska 1972); *see also Peacock v. Board of School Commissioners of the City of Indianapolis,* 721 F.2d 210, 214 (7th Cir.1983); *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 840 (11th Cir.1982); *cf. McKnight v. United States Steel Corp.,* 726 F.2d 333 (7th Cir. 1984).

Although Rule 60(b) states that the motion "shall be made within a reasonable time, and for [mistake] not more than one year after ... the judgment," we have further restricted the time for bringing a 60(b)(1) motion by holding that a motion made on the basis of a subsequent change in the law must be made within the same

. . . . .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or
(6) any other reason justifying relief from the operation of the judgment.

time period allowed for an appeal. *Pearson*, 503 P.2d at 1402; *see also International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977), *cert. denied* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir.1966); *accord* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858, at 178–79 (1973).

■ Donald Lawrence failed to appeal, or file a 60(b)(1) motion within the time allowed for the taking of an appeal from his divorce decree. Lawrence responds that a timely filing would have been "frivolous" because the law did not change until after the time for appeal had passed. Regardless of whether Lawrence's appeal would have been frivolous, the time limitations of 60(b)(1) still apply. The purpose of limiting 60(b)(1) motions to the 30 days allowed for appeals [4] is the "strong interest in the finality of litigation." *Parks*, 677 F.2d at 841. In *Parks*, the appellant argued that a 60(b)(1) motion should be entertained any time the law changes and the motion is filed within the one-year time prescribed by the rule. *Id.* at 840. In response to this argument the court in *Parks* stated the following:

> For whatever reason, appellant chose not to appeal at the time of the initial judgment and now seeks to use Rule 60(b) as a substitute for appeal after others had sought a ruling from the Fifth Circuit. An unsuccessful litigant may not rely on appeals by others and share in the fruits of victory by way of a Rule 60(b) motion.
>
> . . . .
>
> Under appellant's suggestion all judgments would not be final for a year. Their enforceability would be conditioned

on no change in the law. The resulting instability would create chaos.

*Parks*, 677 F.2d at 840–41.

We believe the policies articulated in *Parks* are persuasive and therefore reject Lawrence's argument. We thus hold that the superior court properly refused to grant Lawrence relief pursuant to Civil Rule 60(b)(1) from that portion of the decree which required him to pay post-majority child support.

■ This brings us to consideration of the superior court's ruling concerning Civil Rule 60(b)(5). The superior court relied upon *In Re Master Key Antitrust Litigation*, 76 F.R.D. 460 (D.Conn.1977), in ruling that Civil Rule 60(b)(5) did not provide a basis for relief. We hold that the superior court's ruling concerning Civil Rule 60(b)(5) was erroneous.

In part, Civil Rule 60(b)(5) provides that a movant may obtain relief from a final judgment if "it is no longer equitable that the judgment should have prospective application." It has been noted that the primary applicability of (b)(5) will be to injunctions of a continuing nature.[5] On the other hand, Professor Moore has observed that "the breadth of (b)(5) is broad and encompasses any *final* judgment having prospective application."[6] Thus in any circumstnace where the judgment in question has prospective application, relief under Civil Rule 60(b)(5) may be granted from its prospective features when subsequent events make it no longer equitable that the judgment have prospective application.[7]

As was noted at the outset, Donald Lawrence was required under the provisions of the divorce decree to pay the actual costs of his daughter's full time college education, up to a maximum of $7,200.00 per

---

4. *See* Appellate Rule 204.

5. *See* 7 Moore's Federal Practice ¶ 60.26.[4] at 261.

6. *Id.* at 261, 262 (footnote omitted). The superior court's reliance upon *In Re Master Key Antitrust Litig.* is misplaced since the final judgment involved there had no prospective application with respect to the movants.

7. *Id.* at 262. It has been held that a change in law accomplished by judicial decision may furnish cause for relief under Civil Rule 60(b)(5). *Jordan v. School Dist. of Erie*, 548 F.2d 117 (3rd Cir.1977); *Theriault v. Smith*, 523 F.2d 601 (1st Cir.1975).

year, until Donda reaches the age of twenty-two, or as long as she remains in college. Given this prospective facet of the superior court's decree, we conclude that the case must be remanded to the superior court to determine whether in light of the change in law mandated by *Dowling* it is no longer equitable that the decree's post-majority educational child support provision be enforced.

AFFIRMED in part and REVERSED in part and REMANDED for a Civil Rule 60(b)(5) determination in accordance with this opinion.

BURKE, J., with whom MOORE, J., joins, dissenting in part, concurring in part.

BURKE, Justice, with whom MOORE, Justice, joins, dissenting in part, concurring in part.

Assuming, *arguendo*, that Civil Rule 60(b)(1) affords any basis for relief in a case such as this, I dissent from that part of the majority opinion holding that Lawrence's application was untimely *because the time for appeal had passed at the time the modification motion was filed.*

On the date of Lawrence's divorce decree, the superior court's authority to order payment of post-majority educational support was firmly established, by our holding in *Hinchey v. Hinchey*, 625 P.2d 297 (Alaska 1981). *Hinchey* was not overruled until March 30, 1984, when we announced our decision in *Dowling v. Dowling*, 679 P.2d 480 (Alaska 1984). That announcement came three months after entry of the divorce decree and more than sixty days past the deadline for notice of appeal. Rule 204(a), Alaska R.App.P. Throughout this period of time, a motion to amend the judgment, made upon the ground that the trial court had no authority to order payment of post-majority educational support, was sure to fail. Under *Hinchey*, which the trial court was bound to follow, the court would have had no choice but to deny the motion. *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 at 932. Under these circumstances, I see no legitimate reason to fault Lawrence's failure to bring his motion within the time allowed for notice of appeal. Any such motion would have been a useless act.

The majority rejects Lawrence's argument because it finds "persuasive" the policies articulated in *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838 (11th Cir.1978). Those policies, essentially, are that there is a "strong interest in the finality of litigation" and that Rule 60(b) should not be used "as a substitute for a timely and proper appeal." *Id.* at 840–41. In *Parks*, however, "no controlling case law existed at the time of the original judgment." *Id.* at 839. Here, of course, the exact opposite is true. Why the majority chooses to ignore this important difference is difficult to understand. The two cases are clearly distinguishable.

Otherwise, I concur.