**PROCTOR, Appellant and Cross–Appellee,**

v.

**PROCTOR, Appellee and Cross–Appellant.**

[Cite as *Proctor v. Proctor* (1991), 77 Ohio App.3d 99.]

Court of Appeals of Ohio,
Allen County.

No. 1–90–75.

Decided Sept. 10, 1991.

*James R. Kirkland,* for appellant and cross-appellee.

*James C. King,* for appellee and cross-appellant.

EVANS, Judge.

This is an appeal from the Court of Common Pleas of Allen County overruling appellant's motion for a reduction of alimony and denying his motion to set alimony.

Max R. Proctor (appellant) and Alice M. Proctor (appellee and cross-appellant) were granted a divorce on January 10, 1986. Appellant was ordered to pay alimony for a period of twelve years, subject to termination upon the death or remarriage of the appellee. Appellant's alimony obligation would be adjusted annually upward or downward based upon fourteen per cent of his gross business income for the prior year.

On March 15, 1990, appellee filed a motion to fix alimony. Appellant filed a motion for reduction of alimony on May 10, 1990, and on June 1, 1990, he filed a motion to set alimony. On June 15, 1990, appellee filed a motion to strike appellant's motion to set alimony. On July 5, 1990, after a hearing on all four

motions, the trial court issued a memorandum decision overruling the two motions made by appellant.

Appellant now asserts two assignments of error. His first assignment is as follows:

"The court of Common Pleas of Allen County abused its discretion by awarding the appellee sustenance alimony payments based on a fixed percentage of the gross profits from the appellant's business because this method of determination has been held to be contrary to Ohio law."

Appellant contends that basing the amount of his alimony payment on a percentage of the gross income or receipts from his insurance business is contrary to the holding of the Supreme Court of Ohio in *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. In *Kunkle*, the court ruled:

"[A]bsent an agreement between payor and payee spouses, it is improper to include in an award of sustenance alimony a clause requiring the payor to pay alimony based on a fixed percentage of the payor's income, gross or otherwise, when the award is in the form of a penalty or is not based on the payee's need. Further, an award of sustenance alimony must not exceed an amount which is reasonable." *Id.* at 71, 554 N.E.2d at 90.

Because the initial award of alimony was made in 1986, we hold that the *Kunkle* decision is not controlling in the present case. To allow *Kunkle* to be applied retrospectively would be to permit a redetermination of all alimony awards made prior to the *Kunkle* decision. Such a redetermination of alimony awards would do violence to the well established principle that there must be an end to litigation. *Ackermann v. United States* (1950), 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. We do not desire, nor do we believe the Supreme Court of Ohio intended, to place this type of burden upon the trial courts. We cannot permit a redetermination of all alimony awards simply because they may not comply with the guidelines established in *Kunkle.*

"To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there being 'no change in the law.'" *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 131, 28 OBR 225, 227, 502 N.E.2d 605, 608 (quoting *Parks v. U.S. Life & Credit Corp.* [C.A.11, 1982], 677 F.2d 838, 841) (change in the controlling decisional law does not support a Civ.R. 60[B] motion for relief from judgment).

In addition, the holding in *Kunkle* is not applicable here because the two cases are factually dissimilar. The parties in the present case were married

for twenty-eight years. Unlike the marriage in *Kunkle*, this amount of time constitutes a marriage of long duration. In *Kunkle*, the parties were in their thirties, while the parties in the present case were both past fifty at the time of the divorce. Further, in *Kunkle* the payor spouse was required to pay one third of his income to his former spouse until she died, remarried, or cohabited. In contrast, appellant must make support payments only for the limited period of twelve years. Also, the amount of fourteen percent that appellant must pay is far lower than the amount awarded by the trial court in *Kunkle.*

■ Further, a review of the sustenance alimony award is barred by the doctrine of *res judicata*. The original order granting a divorce and awarding alimony was issued on January 10, 1986. On May 11, 1988, this court affirmed the decision of the trial court. The appellant now argues that the *Kunkle* decision invalidates the original court order and requires a recalculation of his alimony award. We do not agree. The appellant is prevented from relitigating this award by the doctrine of *res judicata*. In support of this holding, we cite the recent supreme court case of *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178, certiorari denied (1991), 498 U.S. ——, 111 S.Ct. 1075, 112 L.Ed.2d 1180, where the court ruled: "a change in decisional law which might arguably reverse the outcome in a prior civil action does not bar the application of the doctrine of *res judicata.*" Thus, any review of the alimony award in the present case is properly prohibited by *res judicata.*

Appellant's second assignment of error claims:

"The court of common pleas abused its discretion in its determination of the appellee's alimony because the court failed to consider all relevant factors, such as the appellee's need as a basis for the alimony payment."

It is not clear from appellant's brief whether this assignment of error refers to the original order of 1986 or the refusal of the trial court to grant his motions for a reduction and setting of alimony. In either instance, the assignment of error is not well taken.

With regard to the original order granting divorce and awarding alimony, we must reiterate that this matter has already been decided and affirmed on appeal. Any subsequent claims are barred by the doctrine of *res judicata.*

■ If appellant's assignment of error refers to the trial court's more recent order, it is our holding that the trial court was without jurisdiction to make any modification to the award of alimony. The Supreme Court of Ohio held in *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, syllabus, that when a court awards alimony to a wife to be paid until the

conditions subsequent of remarriage or death of the wife and such award is for her sustenance and support, reservation of jurisdiction to modify the award will be implied in the decree. In *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032, the court narrowed its decision in *Wolfe, supra,* stating:

"A decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even though the award is subject to termination in the event of death, remarriage or cohabitation unless the decreeing court expressly reserves jurisdiction to modify." *Id.* at syllabus.

Nowhere in the original order dated January 10, 1986, which granted a divorce and awarded sustenance alimony can we find any reservation of jurisdiction to allow the trial court to make modifications. Nor can we construe the trial court's order, requiring appellant to annually submit his tax returns to the Bureau of Support for a determination of the specific amount of alimony, as an implied reservation of jurisdiction. Because the trial court did not have jurisdiction, it could not properly make any modifications. Appellant's second assignment of error, claiming the court did not consider all the relevant factors, is therefore immaterial and is not well taken.

Appellee-cross-appellant claims the trial court improperly modified the original order awarding alimony. She asserts an assignment of error as follows:

"The trial court erred in modifying the original sustenance alimony order by limiting the amount of business income earned by the obligor which would be subject to sustenance alimony to $100,000.00 per year."

In support of this assignment of error, appellee contends the trial court did not reserve jurisdiction to modify the award, no motion to modify the award was properly before the court, and there was no showing of any change of circumstances which would justify any modification of the alimony award. We agree.

As we have already held, there was no reservation of jurisdiction in the original order to allow for modifications of the alimony award.

■ Further, the only substantial change in circumstances which are evidenced by the record refer to the appellant. For example, his business income has increased, he has remarried, and has adopted his present wife's two children. There has been no change in circumstances as regards the appellee. As such, the modification limiting the amount of income earned by the obligor which would be subject to sustenance alimony to $100,000 per year is improper. Appellee-cross-appellant's assignment of error is well taken.

Those portions of the order of the common pleas court limiting the maximum amount of appellant's income that will be subject to the formula for awarding alimony to $100,000 are vacated. We affirm the trial court in all other respects.

*Judgment affirmed in part and reversed in part.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.