**Elizabeth M.S. HIXSON, Appellant,**

v.

**Michael S. SARKESIAN, Appellee.**

No. S–11489.

Supreme Court of Alaska.

Nov. 18, 2005.

Elizabeth M.S. Hixson, pro se, Juneau.

Loren Domke, P.C., Juneau, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, and FABE, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

Elizabeth Hixson appeals the denial of her motion to modify the child support obligations of her ex-husband, Michael Sarkesian. Sarkesian lives and works in Switzerland. Hixson contends that a fluctuation in the exchange rate between Swiss francs and U.S. dollars constitutes a "material change in circumstances" for modification under Alaska Civil Rule 90.3(h)(1). Because we agree that the superior court needed to follow both the methodology specified in Rule 90.3(h)(1) and the same methodology it previously used to calculate support, we reverse and remand.

## II. FACTS AND PROCEEDINGS

Elizabeth Hixson and Michael Sarkesian divorced in 1991; they had two children from the marriage.[1] After an appeal of the divorce decree, the parties reached a settlement agreement in 1995 to set child and spousal support, and to resolve property distribution issues.[2] The parties adopted the superior court's findings and conclusions on child support made before the appeal.

Sarkesian has lived in Switzerland since the divorce and is paid in Swiss francs.[3] The superior court calculated support by converting Sarkesian's income in Swiss francs to dollars and multiplying his annual adjusted income in dollars by twenty-seven percent, the amount specified for support of two children in Rule 90.3(a)(2). Support was set at $2,138.80 per month.

In August 2000 Sarkesian moved to modify his child support because a decline in income reduced his support obligation by more than fifteen percent, satisfying the presumption for modification in Civil Rule 90.3(h)(1).[4] The superior court agreed that his income was lower both because he no longer received bonuses and because of a "substantial" decline in the value of the franc as compared to the dollar.[5] Hixson argued on appeal that the superior court erroneously applied Rule 90.3's income cap.[6] We agreed Sarkesian was entitled to reduction in child support but concluded that support should be based on Sarkesian's actual income of $85,015.41, not on the income cap.[7] On remand, the superior court set child support at $1,912.85 per month by converting Sarkesian's income in Swiss francs to dollars and multiplying his annual adjusted income by twenty-seven percent.

In 2003 Hixson moved to modify Sarkesian's child support, contending that fluctuations in the exchange rate would result in increasing Sarkesian's support obligation by more than fifteen percent, meeting the presumption for modification. The superior court denied the modification, concluding that even accepting Hixson's exchange rate of 1.33336 Swiss francs to the dollar, the benefit to Sarkesian led to only an eight percent increase in his support obligation. Hixson filed a motion to reconsider, which was denied. She appeals.

## III. DISCUSSION

Hixson and Sarkesian agree that Sarkesian's income in Swiss francs is essentially unchanged since child support was last modified in 2001.[8] Their dispute centers on whether and how fluctuations in the exchange rate should be assessed in determining whether to modify child support.[9]

1. *Hixson v. Sarkesian,* 66 P.3d 753, 756 (Alaska 2003).

2. *Id.*

3. *Id.*

4. *Id.*

5. *Id.*

6. *Id.* at 757.

7. *Id.* at 758–59.

8. Sarkesian's gross income in Swiss francs is unchanged, but because of an increase in taxes, his adjusted income in Swiss francs has declined slightly.

9. Although the standard of review for decisions on motions to modify child support is generally abuse of discretion, we review this decision de novo because it involves a question of law based on undisputed facts. *Karpuleon v. Karpuleon,* 881 P.2d 318, 320 n. 3 (Alaska 1994).

Civil Rule 90.3(h)(1) permits modifications of final child support awards upon a showing of a material change in circumstances. Moreover, "[a] material change in circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order."[10] Support awards are set based on a percentage of income approach. When one parent has primary custody of two minor children, support is usually set at twenty-seven percent of the non-custodial parent's annual adjusted income.[11]

The superior court viewed the exchange rate as income under the definition in the Rule 90.3 commentary: "[Income from all sources] should be interpreted broadly to include benefits which would have been available for support if the family had remained intact."[12] The court calculated the benefit of the exchange-rate shift to Sarkesian by determining how much the new exchange rate saved Sarkesian on purchases of dollars used to pay child support. Then the court calculated the difference between the outstanding support order and a new order based on Sarkesian's annual adjusted income plus the exchange-rate savings. Because Sarkesian's

support obligation would increase by only eight percent, which was not a material change of circumstances, the court denied modification.

■ Hixson argues the court's method was inconsistent with both Rule 90.3(h) and the court's past practice in her case. Hixson argues that evaluating Sarkesian's child support either in dollars or Swiss francs meets the fifteen-percent threshold for modification if the court multiplies Sarkesian's annual adjusted income by twenty-seven percent and compares this amount to the outstanding support award. Sarkesian argues that the superior court erroneously viewed the exchange rate as income, and further contends that his support should not be modified because his income in Swiss francs is largely unchanged.

We agree that the method used was erroneous because an exchange-rate fluctuation is not "income" under Rule 90.3(a). Although not exclusive, the list in the commentary largely denotes money received through work or investments, or from the government.[13] Exchange-rate fluctuations do not

10. Civil Rule 90.3(h)(1) provides in full:
 A final child support award may be modified upon a showing of a material change of circumstances as provided by state law. A material change of circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order. For purposes of this paragraph, support includes health insurance payments made pursuant to (d)(1) of this rule.

11. Alaska R. Civ. P. 90.3(a).

12. Alaska R. Civ. P. 90.3 cmt. III(A) (2004–05). We use the commentary as guidance to interpret the civil rules. *Rusenstrom v. Rusenstrom*, 981 P.2d 558, 562 (Alaska 1999).

13. Alaska R. Civ. P. 90.3 cmt. III(A) (2004–05), which states in part:
 Income includes, but is not limited to:
 1. salaries and wages (including overtime and tips);
 2. commissions;
 3. severance pay;
 4. royalties;
 5. bonuses and profit sharing;
 6. interest and dividends, including permanent fund dividends;
 7. income derived from self-employment and from businesses or partnerships;

8. social security;
9. veterans benefits;
10. insurance benefits in place of earned income such as workers' compensation or periodic disability payments;
11. workers' compensation;
12. unemployment compensation;
13. pensions;
14. annuities;
15. income from trusts;
16. capital gains in real and personal property transactions to the extent that they represent a regular source of income;
17. spousal support received from a person not a party to the order;
18. contractual agreements;
19. perquisites or in-kind compensation to the extent that they are significant and reduce living expenses, including but not limited to employer provided housing and transportation benefits (but excluding employer provided health insurance benefits);
20. income from life insurance or endowment contracts;
21. income from interest in an estate (direct or through a trust);
22. lottery or gambling winnings received either in a lump sum or annuity;
23. prizes and awards;
24. net rental income;
25. disability benefits;

fit into any of these categories, even though they clearly can affect income.

Even though exchange-rate fluctuation is not income, Sarkesian's argument that the exchange rate should not be considered in deciding whether to modify support lacks merit. Rule 90.3(h)(1) requires comparison of support orders, rather than annual adjusted incomes: "A material change of circumstances will be presumed if *support* as calculated under this rule is more than 15 percent greater or less than the *outstanding support order*." [14] Sarkesian concedes that a parent's foreign income must be converted into dollars before support can be calculated. When comparing support in two different time periods, the exchange rate used to convert foreign income into dollars is not held constant. Therefore, calculated support may change even when annual foreign income does not. Applying the exchange rate in this fashion does not create a system based on cost of living, rather than income, as Sarkesian contends. Although the amount of support that Sarkesian pays in dollars may change due to shifts in the exchange rate, he still has available the same percentage of his income in Swiss francs for purposes other than child support.

We also reject Sarkesian's arguments that considering the exchange rate in deciding whether to modify support would lead to frequent relitigation of support and pose a problem in deciding whether the shift is permanent or temporary. Frequent relitigation of support is unlikely because support· is based on the non-custodial parent's *annual* income and can be modified only upon a showing of a material change of circumstances. Therefore, support is usually modified no more than once a year. Additionally,

the court would not have to decide whether the exchange rate used for conversion is permanent or temporary under *Curley v. Curley*.[15] The court could use an average currency exchange rate over an appropriate period, or a rate on a specified date.

Finally, we note that this result complies with the parties' agreement and the court's past practice in this particular case.[16] The parties agreed on the methodology to calculate support in 1995 when they incorporated the superior court's findings of fact and conclusions of law in their settlement agreement. The superior court set support by converting Sarkesian's income in Swiss francs to dollars and multiplying his annual adjusted income in dollars by twenty-seven percent, the amount specified for support of two children in Rule 90.3(a)(2). The superior court followed this same method when it modified support in August 2000 and, on remand, in May 2003. We conclude that this same method is required now.[17]

## IV. CONCLUSION

We REVERSE the order denying the motion to modify child support and REMAND for further proceedings consistent with this opinion.

CARPENETI, Justice, not participating.

---

26. Veteran Administration benefits;
27. G.I. benefits (excluding education allotments);
28. National Guard and Reserves drill pay; and
29. Armed Service Members base pay plus the obligor's allowances for quarters, rations, COLA and specialty pay.

**14.** Alaska R. Civ. P. 90.3(h)(1) (emphasis added).

**15.** 588 P.2d 289, 291 (Alaska 1979) (finding that a change in circumstances must be more or less permanent rather than temporary).

**16.** *See Flannery v. Flannery,* 950 P.2d 126, 132 (Alaska 1998) (concluding that "court must make efforts to respect the parties' contractual obligations and expectations" because parents' original agreement sets the baseline for considering motions to modify based on changed circumstances).

**17.** Hixson argues that support can be calculated and paid in either dollars or Swiss francs. We conclude that support should be set in dollars so as to be consistent with the parties' agreement.